Taylor, Chief-Justice.
 

 Tac tendency of the question .ait to the wite-jss in this cano was, to invalidate her credibility, and to oast a shade upon her moral character 5 bat such evidence ought to be drawn from other sources than the witness himself. It is against Shut principles to compel a man to accuse himself of a crime, and to enforce an answer to such questions, would tend to deprive the citizens of that .protection which the law aiSmbs, jiuI matemlly obstruct the administration of justice.
 

 It is clearly established, that a witness cannot be compelled to answer any question tending to icuderhim the subject of a crimin-ii accusal ion j nor to answer ia-íorregatimis, having a direct tendency to subject him to penalties ; or having such a connexion with them, as to form a step tow irds.it. — (4
 
 Esp.
 
 117 —
 
 16 Vesey 59.)
 

 it was for a long time doubted, whether a witness was obliged to mlmis or answer to any nia.'ier which tended to lessen his moral estimation, although It; did not iitTohe an indictable oiTence $ but it sw.iu.ij now to bo settled, that he
 
 cannot.-
 
 — (3
 
 Campbell
 
 519.) Thus a woman prosecuting for a rape, cannot be asked whether site in a woman of a dissolute character
 
 i
 
 Nor can other witrieaies be called to prove it. The principie of these cases applies to the question before as, which, I think, the
 
 \\
 
 it ness was not bound to answer.
 

 The other .Judges concurred.