Pearson, J.
 

 There is error. The rule that communications between client and attorney are confidential, and shall not be dis~ closed, does not embrace within its operation, the question of evidence presented by this case. The principle upon which the rule is founded is this: No man is required to eliminate himself. The relation of attorney and client has existed, and has been fostered, as necessary to the due administration of the law, in every civilized country. And, in order to give full effect to the benefit of this relation, and encourage a free and full disclosure on the part of the client, it was necessary to adopt the rule, that, as he could not be called on to criminate himself, so, communications made to his attorney should not be used for that purpose. Under this rule, courts of law will not permit an attorney to give such communications in evidence, and, in a court of equity the maxim is: no man need discover legal advice which has been given to him by his professional advisers, or statements of fact which have passed between himself and them, in reference to the matter in litiga-
 
 *420
 
 lion.
 
 Mitford's Plea.
 
 195. The principle of the mle does not embrace this case, for the witness is
 
 an accomplice,
 
 who is allowed to give evidence in favor of the State, with the express understanding that he is to
 
 disclose his own guilt;
 
 consequently, a rule which was adopted in order to prevent a party from being required to criminate himself, and to avoid the danger of being criminated by a communication made to his attorney, has no application. Upon this point, the defendant is entitled to a
 
 venire de
 
 novo, and it is unnecessary to refer to other points.
 

 Pub Cubiam. Judgment reversed.