*407
 
 Pearson, C. J.
 

 Although the second and third' sections of the act of 1866, ch. 43, entitled “ An act to improve the law of evidence,” correspond substantially with the act 14 and 15 Victoria, yet the preamble, and the first and fourth sections, give to the act a character of its own; so it must bs construed by itself, and the court can derive but little aid from the decision of other courts.
 

 Our statute, by its preamble, sets out an intention to take away the objection to witnesses on the ground of incompetency, and put it merely on the ground of credit, both in civil and criminal cases — to abrogate the rules of evidence, which had been fixed by the fathers of the law with a view to exclude falsehood even at the risk of sometimes excluding truth, and to admit truth at all hazards, although the door for the admission of falsehood should thereby be spread wide open.
 

 Accordingly, it is enacted by the first section that no person offered as a witness shall be excluded from “ giving evidence on the trial of
 
 any
 
 issue, or
 
 any
 
 matter or question arising in
 
 any
 
 suit or proceeding, civil or criminal, in
 
 any
 
 court, or before
 
 any
 
 judge, justice or jury, &c., on the ground of incompetency by reason of interest or crime.” And by the second section it is enacted that, on the trial of
 
 any
 
 issue, or of
 
 any
 
 matter or question arising in
 
 any
 
 suit of other proceeding in
 
 any
 
 court, or before
 
 any
 
 judge, justice or jury, &c.,
 
 the parties and the person
 
 in whose behalf any suit or other proceeding may be brought or
 
 defended
 
 shall, “
 
 except as hereinafter
 
 provided,” be competent and compellable to give evidence in behalf of either or any of the parties to ■ said suit or other proceeding.”
 

 It will be.seen that this section corresponds precisely in the general terms used with the first section, only- omitting the words “ civil or criminal,” in their connection with “ any suit or other proceeding.” Had the statute stopped at the
 
 *408
 
 second section, the omission of these two words might have given rise to some slight difficulty as to the construction; but the words “except as hereinafter provided ” followed by the third and fourth sections, remove ail difficulty whatever and make it manifest that parties on the record, as well in
 
 criminal,
 
 as in civil proceedings, are made competent and compellable to give evidence except as provided in the third and fourth sections.
 

 By the third section it is enacted, that nothing in the second section shall render any person who in any criminal proceeding is charged with the commission of an indictable offense, competent or compellable to give evidence for or against himself, or shall render any person compellable, to answer any question tending to criminate himself; or shall, in any criminal proceeding, render any husband competent or compellable to give evidence for or against his wife,” &c.
 

 By the fourth section it is enacted that nothing contained in the second section shall apply to any proceeding instituted in consequence of adultery, or to any action for breach of promise of marriage.
 

 These exceptions clearly prove the general rule, and leave no sort of doubt that it was the intention to make parties who are on trial for the same criminal offense charged in the same indictment, competent and compellable to give evidence for or against each other, save that a party is not to give evidence for or against himself, or for or against his wife, (and e
 
 ccmverso),
 
 and is not compellable to answer any question tending to criminate himself.
 

 Indeed, this conclusion in regard to the competency of parties to the record would have almost followed from a proper construction of the first section, for the rule which excludes parties of record is based on the ground of interest or crime: the indictment found raising a presumption of
 
 *409
 
 guilt against all of them, they were all considered infamous, and for that reason incompetent apart from "the question of interest: and as the first section removes incompetency for crime, it would seem to sweep away the rule as to parties of record, which is a mere corollary to it.
 

 In
 
 State
 
 v.
 
 Ludwick,
 
 at this term, we had decided, before this case was called for argument, that a distinction is to be • taken between those offences, where the acquittal of one is m legal effect the acquittal of the other, as in case of Principal and Accessory before the fact, Conspiracy, Fornication and Adultery, and those offences where one may be innocent and the other guilty.
 

 These two.cases put a full construction on the statute, and, whatever doubts we may entertain as to its wisdom we feel satisfied that we have discharged our duty in giving full effect to the intention of the law-makers.
 

 It is unnecessary to notice the other exceptions. There is error. This'will be certified.
 

 Per Curiam. Ordered accordingly.