Pearson, C. J.
The first exception, as to the admissibility of what the witness Linebarger said to the prisoner, and the reply made by the mother of the prisoner in his presence, and also the second exception, as to the admissibility of the fact that the prisoner charged his father as the murderer, and that his father, being present, indignantly denied it, were properly abandoned in this court.
So the only point is, the rejection of the father when offered by the prisoner as a witne'ss in his behalf. We think the witness ought to have been rejected.
*404 The prisoner was indicted as principal, and his mother,, the wife of the witness, was indicted as accessory before the fact. The prisoner was alone on trial; and the question is, Was the husband called to give evidence for the wife ? That depends upon, Whether evidence for the prisoner was evidence for her; and that depends upon Whether the acquittal of the prisoner would in its legal effect be an acquittal of the wife.
At common law an accessory before the fact could not be convicted, unless the principal when tried at the same time was first convicted; or unless he had been before tried, convicted, and received judgment. Duncan’s case, 6 Ire., 98. That decision called for legislative interference; and to remedy the defect in the common law, it was enacted, Rev. Code, c. 34 s. 53, that “ any person counselling &c., the commission of a felony, shall be deemed guilty of felony, and may be indicted and convicted, either as accessory before the fact to the principal felony, together with the principal felon, or may be indicted and convicted of a substantive felony, whether the principal felon shall or shall not have been previously convicted or shall or shall not be amenable to justice." This statute alters the common law, and puts out of the way the necessity of a prior conviction and attainder of the principal felon, but it has not even the most remote bearing upon a case where the prisoner charged as principal'felon has been tried and acquitted. That is left as at common law, and the notion that when it is decided by the judgment of the law that no felony has been committed, and that the person charged as the principal felon is not guilty, one charged as being accessory before the fact can be tried and convicted, is out of the question, for there is no fact and no principal. That an acquittal of the principal is an acquittal of the accessory is settled by all of the books — 2 Hawk, P. C. ch. 29, sec. 40; 4 Rep. 43, in which latter book my Lord Coke *405 says that the maxim of the law is, ‘ubifactum nullum, ibi fortia nulla; et ubi non est principalis non potest esse accessorius.” This maxim is extended to all offences which cannot be committed except by more than one person. In Tom’s case, 2 Dev., 569, it is held in an indictment for a conspiracy against two, that the acquittal of one is the acquittal of the other. So in Mainor’s case, 6 Ire., 340, and Parham’s case, 5 Jon., 416, (indictments for fornication and adultery) — it is held that an acquittal of one is an acquittal of the other; for it takes two to commit the offense, and when it is fixed by judgment at law that one is not guilty, it follows that the other cannot be guilty; and in Mainor’s case, supra, although the jury found the man guilty, yet as they found the woman not guilty, it was held to be an acquittal of both, upon the settled rule in regard to the acquittal of the principal being in legal effect the acquittal of the accessory.
It is therefore perfectly clear that if the prisoner had been acquitted, it would have been an acquittal of the wife of the witness, consequently the witness was called to give evidence for his wfife.
We find nothing in the act of 1866, ch. 43, “ An act to improve the law of .evidence,” to change this view of the subject, for in sec. 3 it is provided that “ nothing contained in the second section of this act shall render any person competent or compellable in a criminal proceeding to give evidence for or against himself, or any husband competent or compellable to give evidence for or against his wife,” &c. Suppose the mother had been called to give evidence for -the prisoner, she was incompetent, as it would be giving evidence for herselfj and, for the like reason the husband, was incompetent, and could not give evidence for his wife.
There is no error. This will be certified to .the end, &c.
Per Curiam. There is no error.