### STATE v. T. J. SMITH.

*Witness—Defendant in State Case.*

A defendant in a criminal action is competent and compellable to testify for or against a co-defendant, provided his testimony does not criminate himself. (Review of acts of assembly upon the rules of evidence, by ASHE, J.)

(*State* v. *Efler*, 85 N. C., 585, cited and approved.)

INDICTMENT for assault and battery, tried at Fall Term, 1881, of WATAUGA Superior Court, before *Seymour, J.*

The defendant was indicted jointly with one Green ; and on the trial the state called Green as a witness against his co-defendant Smith, to which Smith excepted.

It appeared to the court, and the court so decided, that Green was an unwilling witness, and that the truth could not be elicited from him without allowing the state to ask leading questions. The court thereupon allowed the state's counsel to put leading questions to the witness, and the defendant Smith excepted.

The state then called Smith as a witness against Green. He objected, and the court held that he was competent and compelled to testify against his co-defendant. Several questions were then put to him, and upon his objection the court decided that he need not answer as his answers might criminate himself. The witness thereupon declined to answer, and no testimony was given by him. The defendant Smith excepted to the ruling of the court, allowing him to be called to the witness stand.

Green was acquitted by the jury and Smith found guilty, and there was judgment against him from which he appealed.

*Attorney General*, for the State.
No counsel for defendant.

45

AsHE, J. All the exceptions taken by the defendant bear upon the question whether under the law as it now exists, a defendant in a criminal action is competent and compellable to testify against a co-defendant.

There have been several changes in the law in this respect. The act of 1866, ch. 43, (Bat. Rev., ch. 43, § 15,) provided that the parties and persons in whose behalf any suit or other proceeding may be brought or defended, shall, except as hereinafter provided, be competent and compellable to give evidence, in behalf of either or any of the parties to said suit or other proceeding. This act applied to criminal as well as civil actions.

But the following section, (16 Bat. Rev.) which was supplemental to the preceding section as a proviso, declared that "nothing contained in the 15th section of this chapter shall render any person who in any criminal proceeding is charged with the commission of an indictable offence, *competent or compellable to give evidence for or against himself, or shall render any person* compellable to answer any question tending to criminate himself," &c.

So much of this act as made it lawful for co-defendants in the same indictment to testify for or against each other was repealed by the act of 1870, ch. 177. But this act was repealed by the act of 1871, ch. 4, and the act of 1866, ch. 43, so far as it related to criminal proceedings, was expressly re-enacted. And so stood the law until the act of 1881, ch. 110, by the first section of which the act of 1866 (Bat. Rev., ch. 43, § 16,) was amended by striking out the words "competent or compellable to give evidence for or against himself, or shall render any person."

With this amendment the section reads : " Nothing contained in the 15th section of this chapter shall render any person, who in any criminal proceeding is charged with the commission of an indictable offence, compellable to answer any question tending to criminate himself," &c. It leaves

intact the provisions of the 15th section, and if the act had stopped there, a defendant would have been competent and compellable to testify for or against himself. But it is enacted by the 2nd section of this act, "that on the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offences, and misdemeanors in the superior, inferior, criminal, and justice of the peace courts of the state, the person so charged shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him.

The purpose and effect of this section was to qualify and restrict the provisions of the said 15th section, so as to make it lawful for a defendant to testify in his own behalf if he choose to do so, but not otherwise.

It does not repeal or affect in any manner the provisions of that section by which a defendant in a criminal action is made competent and compellable to testify for or against a co-defendant, provided his testimony does not criminate himself. The defendant Green then was a competent witness against his co-defendant Smith, and Smith against Green.

The exception to the ruling of His Honor as to allowing the solicitor to put leading questions to the witness Green cannot be sustained. He was a competent witness, and when he was put on the witness stand, he occupied the same position of any other witness. He was under the same obligation to speak the truth and the whole truth—unless it should criminate himself. He was entitled to the same privileges and to receive the same protection, equally liable to be impeached and discredited, and alike subject to all the rules of evidence. *State* v. *Efler,* 85 N. C., 585.

There is no error. Let this be certified that further proceedings may be had agreeably to this opinion and the law.

No error.                                        Affirmed.