STATE v. CLITUS WEAVER.

*Former  Jeopardy—Evidence.*

1. Where two were indicted for an affray, and one pleaded former jeopardy, which plea was tried before the plea of not guilty, the other defendant has never been in jeopardy, and may be tried for the offence.

2. In an indictment for an affray, one defendant may be examined as a witness by the State against the other defendant.

3. In such case, it is not error for the presiding Judge to caution the witness before the counsel for the other defendant cross-examines him, that he need tell nothing to criminate himself.

(*State* v. *Rose*, Phil., 406; *State* v. *Smith*, 86 N. C., 705, cited and approved).

Indictment for an AFFRAY, heard on appeal from the Inferior Court, by *Gudger, Judge,* at Fall Term, 1885, of BUNCOMBE Superior Court.

The indictment charged the defendant Clitus Weaver and one George Presley, with the commission of an affray, in mutually assaulting and beating each other in a public place.

When the case was called for trial, the defendant Presley pleaded "former conviction," and asked that the issue raised by this plea should be first tried; and the Court directed the Clerk to impanel the jury to try the one issue of former conviction. The Clerk being somewhat deaf, and not understanding the instruction of the Court, impanelled the jury in the usual form, to try the issues of traverse, joined between the State and the defendants Clitus Weaver and George Presley, as on the plea of "not guilty." Witnesses were then introduced by the defendant Presley, who was sworn in the usual form, to testify in the case wherein the State was plaintiff, and Clitus Weaver and George Presley were defendants. Neither the Court nor the Solicitor for the State noticed or discovered the mistake of the Clerk in impanelling the jury and swearing the witnesses, nor had any knowledge thereof, until after the rendition of the verdict against the defendant Presley on the plea of former conviction, but the counsel of defendant Weaver did notice the manner and form of the impanelling the jury and the swearing of the witnesses at the time, but did not call it to the attention of the Court.

Weaver did not enter any plea, nor was this trial participated in by him or his counsel in any way whatever.

The defendant Presley offered on this trial, evidence of his previous conviction before a justice of the peace, for an assault on the defendant Weaver, and of the identity of that offence with the one charged against him in this case, and for this purpose he introduced in evidence the bill of indictment, the same not having been read to the jury at the beginning of the trial. In reply to the above testimony, the State, on cross-examination of the defendant Presley, who offered himself to prove the identity of the two cases, showed that the defendant Presley was cut or marked with an ordinary pocket-knife, and struck on the head with what seemed to be a rock, by the defendant Weaver. This testimony was not offered by the Solicitor against the defendant Weaver, but only to show that a deadly weapon was used in the fight between the defendants, and consequently that the justice

of the peace had no jurisdiction to try and punish the defendant
Presley. The Court charged the jury only upon the plea of
"former conviction," telling them the only question for them to
consider, was whether or not the defendant Presley had already
been tried and convicted for this offence by a Court of competent
jurisdiction; that if a deadly weapon was used in the fight be-
tween the defendants, either by Presley or Weaver (and that an
ordinary pocket-knife is a deadly weapon), the justice of the
peace did not have jurisdiction of the case; that if they found
that the defendant had been so tried and convicted by a Court of
competent jurisdiction, their verdict would be: "We find the
plea in favor of the defendant." But if they should find that
he had not been so tried, then the verdict would be: "We find
the plea against the defendant." The jury found, "the plea
against the defendant." Counsel then, for defendant Weaver,
moved that said Weaver be discharged. The motion was refused
and Weaver excepted. After this motion, and before the jury
left the box, it was suggested by the Solicitor for the State, that
if the Court should think that the proceedings had, were such as
to put Weaver in jeopardy, a juror should be withdrawn and a
mistrial had as to him. The Court declined this suggestion, and
discharged the jury, and counsel for the defendant Weaver there-
upon again moved the Court for his discharge upon the ground
of former jeopardy. The Court held, that upon these facts,
Weaver had never been in jeopardy, and refused the motion.
Weaver excepted.

Another jury was then impanelled in usual form to try the issues
of traverse, joined between the State and the defendants Clitus
Weaver and George Presley. The same bill of indictment was
read to the jury, and each defendant pleaded "not guilty."

One Lynch, being introduced by the State, testified that he, in
company with the defendant Weaver, passed a mill where they
saw defendant Presley. The parties seemed friendly, but,
when Weaver and witness were about leaving, Presley requested
witness to make Weaver drink, and bring him back by way of

the mill, in order that he, Presley, might give him a "damn good cursing" or "whip him." Witness told Weaver of this request, who replied that he would go back by the mill "and see if Presley was mad with him," but wanted to have no difficulty with him, and asked witness to note that he wanted no difficulty. The parties again stopped at the mill, and after some friendly conversation with Presley, Weaver started off; Presley called to him and accused him of having made certain remarks about his (Presley's) dead brother. Weaver answered that he had not made them. Presley said, "I said when I heard them, that you was a damned liar, and that one or the other of us had to take a whipping." Weaver said that he had not made the remark, and wanted no difficulty, for the subject of the alleged remarks was dead, but that he was not afraid of any man.

Presley then advanced towards Weaver, who remained where he then stood; Weaver then said, "you have your knife open in your pocket, but I am not afraid of you," and took out and opened his own knife. Presley said "it was a damned lie," took his knife from his pocket, and threw it upon the ground, and advanced to where Weaver was standing. Presley threw up his arm and Weaver his hand. Presley said "don't collar me;" they then grappled, and Weaver pushed Presley down and held him there, completely within his power, but did not strike him. Weaver threw down his knife in the fight as they grappled. Witness did not at any time see him use it. Presley called to witness to take Weaver off, who did so. After they were separated, and were up on their feet, and while witness was yet holding Weaver, Presley struck him with his fist, and Weaver then immediately, and while witness was holding him, threw at Presley a rock about the size of a hen's egg, which he had in his hand when he arose. Presley was making no attempt or offer to strike Weaver at the time Weaver threw the rock. Here the fight ended. There was a little fresh scar on Presley's forehead after the fight was over. The mill where the difficulty took place, is a grist and saw mill, patronized by the public.

There was no one present at any period of the difficulty, except the defendants and the witness.

The State then introduced the defendant Presley, as a witness against his co-defendant Weaver. Weaver objected—objection overruled. The Court instructed the witness, that he need not, unless he desired to do so, state anything that tended to criminate himself. He then testified substantially to the same facts stated by the witness Lynch.

The Court permitted Weaver's counsel to cross-examine this witness, but instructed the witness that he need not answer any question which tended to criminate himself. Weaver excepted. Neither defendant offered any evidence.

The Court charged the jury, that a grist and saw-mill of the kind testified to by the witnesses, was a public place within the meaning of the law in regard to affrays, and that if they were satisfied beyond a reasonable doubt, that the defendants willingly fought together there, under the circumstances detailed by the witnesses, they were guilty of an affray; that if defendant Weaver did not engage in the fight willingly, but used excessive force, or more force than was reasonably necessary for his defence, he would still be guilty of an affray, and the jury might consider the throwing of the stone by him, as evidence of such excessive force, provided they were fully satisfied that the stone was thrown as stated by the witnesses. But that the force which a party may use in his defence should not be weighed in gold scales. Weaver excepted. Verdict of guilty. Weaver moved for a new trial; motion refused. He then again moved to be discharged; motion refused, and Weaver appealed to the Superior Court, where the judgment was affirmed, and an appeal was taken to this Court.

*Attorney General*, for the State.
*Mr. F. A. Sondley*, for the defendant.

MERRIMON, J. It is too manifest to admit of question, that the exception upon the ground that the defendant had been put

in "former jeopardy" in respect to the same alleged offence, has not the slightest foundation. The defendant had not at the time of the former trial referred to, pleaded to the indictment, nor did he or his counsel understand that he was on trial; nor did the Solicitor for the State, nor did the Court so regard or treat him—they did just the reverse.

The objection that the co-defendant was incompetent as a witness against the defendants, was entirely groundless. The Code, §§1350, 1351; *State* v. *Rose*, Phil., 406; *State* v. *Smith*, 86 N. C., 705.

And so, likewise, it was not good ground of exception, that the Court told the co-defendant witness, "that he need not answer any question which tended to criminate himself." The Code, §1354; *State* v. *Smith, supra.*

The exception to the charge of the Court to the jury does not specify any ground upon which it rests, and we are unable to see any—the slightest. The charge was fair and just, and in such a case, the judgment must be affirmed.

No error appears, and to the end that the Court below may proceed according to law, let this opinion be certified to that Court.

No error.                                    Affirmed.