STATE v. BUNKS MEDLEY AND FANNIE ROBERTSON.

(Filed 29 October, 1919.)

**Criminal Law— Statutes— Evidence— Witness— Compelling Defendant to Testify—Constitutional Law—Courts—Discretion—Abuse of Discretion.**

Where the male defendant is tried under an indictment of highway robbery of a watch, and the *feme* defendant for being present and taking the watch from the prosecutor's pocket, and the male defendant, during

the progress of the trial, proposed to examine his codefendant, against her will, to show that he was not with her on the night in question, and that the watch had been found in the bed occupied by her and the prosecutor: *Held,* construing Rev., 1630, 1634, and 1635 together, the *feme* defendant was not compellable to testify as to the crime charged, under the present indictment, or as to her guilt of the crime of criminal prostitution under the acts of 1919, ch. 215; and while, at times, evidence of this character may be essential to the enforcement of the criminal laws of the State, the trial judge is allowed a large discretion in his rulings to preserve the constitutional rights of the witness, which will not be disturbed unless substantial error is shown; and his ruling in this case, in not compelling the witness to testify, is approved.

APPEAL by defendant from *Bynum, J.,* at the March Term, 1919, of FORSYTH.

Indictment for highway robbery in feloniously taking by force a watch, etc., from the person of one G. M. Simpson, count also for feloniously receiving said watch, etc. There was verdict of guilty as to both defendants, with recommendation of mercy as to Fannie Robertson. Judgment imposing sentence on Bunk Medley, the male defendant, and he excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Moses Shapiro and Fred M. Parrish for defendant.*

HOKE, J. There were facts in evidence tending to show that in March, 1919, about 12 o'clock at night, or shortly thereafter, on the streets of Winston-Salem, the defendant, Bunks Medley, held up the prosecutor with a pistol, while the female defendant went through his pockets, taking his watch, etc. There were other facts tending to confirm the direct evidence on the subject.

During the progress of the trial, the male defendant proposed to examine his codefendant, Fannie Robertson, as a witness, stating that his purpose was to show by her that he was not with her that night, and had not been for two months. And that the watch which she had in her possession (that of the prosecutor) had been found in the bed which had been occupied by her and the prosecutor Simpson. Said Fannie Robertson having stated that she did not care to take the stand as a witness, the court declined to allow her to be examined as proposed, and defendant excepted. Speaking generally, and under section 1630 of Revisal, all parties and persons interested are made competent and compellable to testify as witnesses in judicial investigations or before courts or tribunals having power to hear and examine evidence, except in actions or other proceedings instituted on account of adultery or in actions for criminal conversation.

Under section 1634, in all indictments, complaints, or other proceedings against persons charged with crimes, etc., the person so charged shall, at his own request, and not otherwise, be a competent witness, etc. And in section 1635 it is provided that nothing in the preceding section (1634) shall render any person charged with a criminal offense competent or compellative to give evidence against himself, nor shall render any person compellative to answer any question tending to incriminate himself, etc., etc. Construing these and other sections appertaining to the subject, it has been held that on trial for crime any defendant is competent and compellable to testify for or against a codefendant, provided he is not compellable to give evidence that may tend to convict him, either of the crime charged or other offense against the criminal law. S. v. Smith, 86 N. C., 705.

While this is at present the authoritative interpretation of the statute law on the subject, and the position may be at times essential to the efficient enforcement of the criminal laws of the State, in its practical application it is very difficult to safeguard the constitutional guarantee of such a witness against self-incrimination, when the question of his own guilt is involved in the issue, and before the same jury. In such case the trial judge should be allowed a large discretion in the matter, and his rulings in the effort to preserve the constitutional rights of the witness should not be disturbed, unless substantial error is very clearly made to appear. A perusal of this proposed evidence will show that the greater and most significant part of it not only tended to establish an essential fact towards her conviction of the offense charged, and for which she was then on trial, but it also had a direct tendency to establish her guilt of the crime of criminal prostitution under the Acts of 1919, ch. 215.

In Smith v. Smith, 116 N. C., 386, it was held on this question that the true intent and meaning of this article of the Constitution, sec. 11, Art. I, is that a witness shall not be compelled to answer any question, the answer to which would disclose a fact which forms an essential link in the chain of testimony which would be sufficient to convict him of a crime. And Chief Justice Faircloth, delivering the opinion, said: "We think the provision of our Constitution ought to be liberally construed to preserve personal rights and protect the citizen against self-incriminating evidence." Even if the first portion of this suggested evidence could be considered as a separate proposition, that is, that she had not been with the male defendant for two months, there is doubt on the facts of the record if the witness should be forced to respond to questions concerning it. True, if the witness had answered as the male defendant desired, such answer might have been insisted on, but suppose the answer had been to the contrary, or suppose that, unwilling to support the prisoner

by false evidence, she had refused to answer the question, this would of itself have been a pregnant circumstance against her on the issue as to her own guilt. True, as appellant contends, it is ordinarily desirable that a witness be called to the stand, so that the court may more intelligently determine whether the questions and answers will trench upon his constitutional privilege, but on the facts of the present record, and considering the issue, the position of the parties concerning it, and the evidence as proposed, we are of opinion that the power of his Honor in the premises has been providently exercised, and we approve his ruling in refusing to have the witness called to the stand and subjected to the proposed examination.

There is no error, and the judgment is affirmed.

No error.