STATE v. CHARLES R. PERRY.

(Filed 16 December, 1936.)

1. **Constitutional Law F a—Witness may not disclose part of facts and withhold other facts on ground of self-incrimination.**

   An accomplice may not testify on direct examination to facts tending to incriminate defendant and at the same time refuse to answer questions on cross-examination relating to matters embraced in his examination-in-chief, and where he refuses to answer relevant questions on cross-examination on the ground that his answers might tend to incriminate him, it is error for the court to refuse defendant's motion that his testimony-in-chief be stricken from the record, the refusal to answer the questions on cross-examination rendering the testimony-in-chief incompetent. N. C. Constitution, Art. I, sec. 11.

2. **Constitutional Law F c: Criminal Law G r—Right to confront accusers includes right to cross-examination.**

   The constitutional right of a defendant to confront his accusers includes the right to cross-examine them on any subject touched on in their examination-in-chief, N. C. Constitution, Art. I, sec. 11, and a witness testifying to facts incriminating defendant on his examination-in-chief may not deprive defendant of his right to cross-examine him on the ground that answers to questions asked on cross-examination might tend to incriminate the witness.

CLARKSON, J., dissenting.

APPEAL by the defendant from *Cranmer, J.,* at April Term, 1936, of HERTFORD. New trial.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*J. H. Matthews and C. W. Jones for defendant, appellant.*

SCHENCK, J. The defendant Charles Perry was convicted of murder in the first degree and sentenced to death by asphyxiation.

The witness Joseph Terry stood indicted upon another bill of indictment for the same homicide for which the defendant was being tried. The witness was not on trial. There was no eye-witness to the homicide. All of the evidence tended to show that the defendant Perry and the witness Terry were together on the night of the homicide, that they separated, and then rejoined each other.

The contention of the defendant, as shown by his own testimony, was that the defendant went with the witness Terry to a point close by Terry's house, that defendant Perry waited outside while the witness Terry went inside the house, that Perry heard a gun fire in the house and in a few minutes Terry came out and said that he had killed the deceased.

Joseph Terry was introduced as a witness by the State, over objection both by the defendant and by the witness himself, and, after being told by the court that he would not be required to answer any question which tended to incriminate him, testified in effect that he and the defendant Perry separated for about an hour and a half, and when the defendant Perry rejoined him (Terry) the defendant Perry told him that he (Perry) had killed the deceased at the house of the witness Terry.

The defendant Perry, on cross-examination, asked the witness Terry if he owned a gun and where he kept it, and where he was during the separation of an hour and a half from the defendant Perry. The witness declined to answer upon the ground that to do so would incriminate him. The defendant objected and moved to strike the testimony of the witness from the record, which motion was denied, and the defendant excepted.

It is apparent that the State contended that the defendant Perry fired the fatal shot, and that the defendant Perry contended that the witness Terry fired the fatal shot. The questions propounded bore directly upon these conflicting contentions, and if the State was to have the benefit of the testimony of the witness tending to substantiate its contention, the defendant was entitled to impeach this testimony, and to substantiate his contention, if he could, by cross-examination of the witness giving the testimony relied upon by the State.

His Honor's ruling practically denied the defendant the right to cross-examine the State's witness, and under these circumstances it was reversible error not to allow the motion of the defendant to strike the testimony of the witness from the record. The right of cross-examination is a common law right and is guaranteed by the Constitution of North Carolina: "In all criminal prosecutions every man has the right  .  .  . to confront the accusers and witnesses with other testimony." Art. I, sec. 11. This Court has repeatedly held that the right to confront is an affirmance of the rule of the common law that in criminal trials by jury the witness must not only be present, but must be subject to cross-examination under oath. *S. v. Thomas,* 64 N. C., 74; *S. v. Behrman,* 114 N. C., 797; *S. v. Dowdy,* 145 N. C., 432; *S. v. Dixon,* 185 N. C., 727; *S. v. Hightower,* 187 N. C., 300; *S. v. Breece,* 206 N. C., 92; N. C. Handbook of Evidence (Lockhart), par. 275, pp. 326-7.

While it has been held that on trial for crime any defendant is competent and compellable to testify for or against a codefendant, provided he is not compellable to give evidence that may tend to convict him, either of the crime charged or other offense against the criminal law, *S. v. Medley,* 178 N. C., 710; *S. v. Smith,* 86 N. C., 705, it is part of the express or implied understanding that an accomplice admitted to testify

for the prosecution shall tell all he knows, *S. v. Lyon,* 81 N. C., 600, and he cannot refuse to answer a relevant question on cross-examination under the rule that he shall not incriminate himself, even though he is required to disclose confidential communications made to his attorney, as he has waived his privilege, *S. v. Condry,* 50 N. C., 418. In other words, an accomplice will not be permitted to disclose part of the facts and withhold the rest. He must tell the whole. The cross-examination of a witness is a right and not a mere privilege, *S. v. Nelson,* 200 N. C., 69, and any subject touched on in the examination-in-chief is open to cross-examination. *Milling Co. v. Highway Commission,* 190 N. C., 692.

If the further provision of Article I, sec. 11, of the North Carolina Constitution to the effect that "every man has the right not to be compelled to give evidence against himself" worked an irreconcilable conflict with the right of the defendant to cross-examine the witness, the court should have stricken the testimony of the witness from the record upon the motion properly lodged by the defendant, since the testimony was rendered incompetent by reason of the denial to the defendant of the right to cross-examine the witness. The power of the court to withdraw incompetent evidence improvidently admitted and to instruct the jury not to consider it has long been recognized in this jurisdiction. *S. v. Stewart,* 189 N. C., 340.

For the error assigned the defendant is entitled to a new trial, and it is so ordered.

New trial.

CLARKSON, J., dissenting: The defendant, at the October Term, 1935, of Hertford Superior Court, was convicted of murder in the first degree and appealed to the Supreme Court. The defendant was granted a new trial on the ground that there was evidence to warrant a verdict of murder in the second degree, and the question should have been submitted to the jury on this aspect. *S. v. Perry,* 209 N. C., 604.

The facts are fully set forth in my dissenting opinion in the former appeal.

The defendant was again tried and convicted of murder in the first degree. In the main opinion a new trial is again granted him.

I think, under the Constitution and the statute law of this State applicable, that the witness Joseph Terry was a competent witness against defendant, and was compelled to testify against him subject to his right to refuse to answer any question tending to criminate himself. In cases where defendants are indicted for affrays in the same bill of indictment, this practice has been approved since "Time whereof the memory of man runneth not to the contrary." The solicitors of the

State have universally put defendants on the stand and compelled them to testify, subject to their right to refuse to answer any questions tending to criminate themselves. Joseph Terry was subpœnaed as a witness for the State, his attorney made a motion not to put him on the stand as a witness. The objection was overruled. The court below duly informed Joseph Terry of his rights under the Constitution: "You may refuse to answer any question that in your judgment might tend to criminate you. You understand what I mean. When the solicitor asks you a question and in your judgment you think it would tend to criminate you, you need not answer it."

Const. of N. C., Art. I, sec. 11, is as follows: "In all criminal prosecutions every man has the right to be informed of the accusation against him and to confront the accusers and witnesses with other testimony, and to have counsel for his defense, and not be compelled to give evidence against himself, or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty."

N. C. Code, 1935 (Michie), sec. 1799, is as follows: "In the trial of all indictments, complaints, or other proceedings against persons charged with the commission of crimes, offenses, or misdemeanors, the person so charged is, at his own request, but not otherwise, a competent witness, and his failure to make such request shall not create any presumption against him. But every such person examined as a witness shall be subject to cross-examination as other witnesses. Except as above provided, nothing in this section shall render any person who, in any criminal proceeding, is charged with the commission of a criminal offense, competent or compellable to give evidence against himself, nor render any person compellable to answer any question tending to criminate himself."

Under section 1792, a witness, with the exception of attesting witnesses to wills, is not excluded by interest or crime. Section 1793 makes parties competent and compellable to give evidence with exception of actions in consequence of adultery and criminal conversation. A defendant in a criminal case is competent and compellable to testify for or against a codefendant, provided his testimony does not criminate himself. *S. v. Smith,* 86 N. C., 705; *S. v. Medley,* 178 N. C., 710. In an indictment for an affray, it is not error for the presiding judge to caution the witness (a defendant), before the counsel for the other defendant cross-examines him, that he need not tell anything to criminate himself. *S. v. Ludwick,* 61 N. C., 401; *S. v. Rose,* 61 N. C., 406; *S. v. Smith,* 86 N. C., 705; *S. v. Weaver,* 93 N. C., 595 (600). N. C. Code, 1935 (Michie), secs. 1794, 1795, 1801, and 1802.

N. C. Code, *supra,* sec. 978: "Any person guilty of any of the following acts may be punished for contempt: (6) The contumacious and

unlawful refusal of any person to be sworn as a witness, or, when so sworn, the like refusal to answer any legal and proper interrogation."

In *S. v. Simpson*, 9 N. C., 580 (581), speaking to the subject, it is said: "It is clearly established that a witness cannot be compelled to answer any question tending to render him the subject of a criminal accusation; nor to answer interrogations having a direct tendency to subject him to penalties; or having such a connection with them as to form a step towards it."

In *LaFontaine v. Southern Underwriters*, 83 N. C., 132 (139), is the following: "In the trial of Burr, *Chief Justice Marshall* lays down the rule, which most of the text writers adopt, as the correct, practical rule, in these words: 'It is the province of the court to judge whether any direct answer to the question that may be proposed will furnish evidence against the witness. If such answer may disclose a fact, which forms a necessary and essential link in the chain of testimony which would be sufficient to convict him of any crime, he is not bound to answer it, so as to furnish matter for that conviction. In such case the witness must himself judge what his answer will be, and if he says on his oath he cannot answer without accusing himself, he cannot be compelled to answer.' Whether it (the answer) may tend to criminate or expose the witness is a point which the court will determine under all the circumstances of the case. 1 Greenl. Ev., sec. 451. And the same view is taken in Ros. Cr. Ev. and in other authorities." *S. v. Hollingsworth*, 191 N. C., 595.

On cross-examination, the witness Joseph Terry refused to answer as to the ownership of the gun and where he kept it, and whether he had one and where he had been at a certain time. The defendant cites no authority in his brief to sustain his position, but says: "These exceptions cover the proposition that the witness was permitted to testify to the facts favorable to the State, but the defendant was denied the right to cross-examine him to bring out evidence to impeach him, to contradict him, and to produce from him evidence favorable to the defendant. Surely this is reversible error."

I hardly see how the refusal of Terry to answer the question is prejudicial, if error. The refusal to answer would no doubt make a favorable impression in behalf of defendant. But, be that as it may, Terry was subpœnaed and bound to attend and give evidence. N. C. Code, 1935 (Michie), sec. 1807, is as follows: "Every witness, being summoned to appear in any of the said courts, in manner before directed, shall appear accordingly, and continue to attend from term to term until discharged. . . . Or, when summoned in a criminal prosecution, until discharged by the court, the prosecuting officer, or the party

at whose instance he was summoned; . . . or, if summoned in a criminal prosecution, shall forfeit and pay eighty dollars for the use of the State, or the party summoning him," etc.

In *S. v. Smith,* 86 N. C., 705, the indictment was jointly against one Green and defendant for an affray. *Ashe, J.,* at p. 707, has this to say: "It does not repeal or affect in any manner the provisions of that section by which a defendant in a criminal action is made competent and compellable to testify for or against a codefendant, provided his testimony does not criminate himself. The defendant Green, then, was a competent witness against his codefendant Smith, and Smith against Green."

In *S. v. Medley,* 178 N. C., 710, at p. 712, *Hoke, J.,* says: "Under section 1634, in all indictments, complaints, or other proceedings against persons charged with crimes, etc., the person so charged shall, at his own request and not otherwise, be a competent witness, etc. And in section 1635 it is provided that nothing in the preceding section (1634) shall render any person charged with a criminal offense competent or compellative to give evidence against himself, nor shall render any person compellative to answer any question tending to criminate himself, etc., etc. Construing these and other sections appertaining to the subject, *it has been held that on trial for crime any defendant is competent and compellable to testify for or against a codefendant, provided he is not compellable to give evidence that may tend to convict him, either of the crime charged or other offense against the criminal law. S. v. Smith,* 86 N. C., 705." (Italics mine.)

In the present case, the jury has convicted defendant of murder in the first degree of a most atrocious crime. He had taken the dead man's wife and had been indicted, convicted, and imprisoned for fornication and adultery with her. He made threats, time and time again, against the life of the deceased, who was shot from behind. A piece of his skull was found in the other room, blood was spattered upon the wall, bits of hair, flesh, and blood were on the ceiling. Defendant was found on the day after the night of the killing, lying on the bed in his home in his bloody clothes, bits of flesh and pieces of hair were on the apron of his overalls. His paramour, the deceased's wife, was with him on the bed.

On the whole record, I see no prejudicial or reversible error, and respectfully dissent from the main opinion.