CLARKSON, J., dissenting.
The defendant Charles Perry was convicted of murder in the first degree and sentenced to death by asphyxiation.
The witness Joseph Terry stood indicted upon another bill of indictment for the same homicide for which the defendant was being tried. The witness was not on trial. There was no eye-witness to the homicide. All of the evidence tended to show that the defendant Perry and the witness Terry were together on the night of the homicide, that they separated, and then rejoined each other.
The contention of the defendant, as shown by his own testimony, was that the defendant went with the witness Terry to a point close by Terry's house, that defendant Perry waited outside while the witness Terry went inside the house, that Perry heard a gun fire in the house and in a few minutes Terry came out and said that he had killed the deceased. *Page 797 
Joseph Terry was introduced as a witness by the State, over objection both by the defendant and by the witness himself, and, after being told by the court that he would not be required to answer any question which tended to incriminate him, testified in effect that he and the defendant Perry separated for about an hour and a half, and when the defendant Perry rejoined him (Terry) the defendant Perry told him that he (Perry) had killed the deceased at the house of the witness Terry.
The defendant Perry, on cross-examination, asked the witness Terry if he owned a gun and where he kept it, and where he was during the separation of an hour and a half from the defendant Perry. The witness declined to answer upon the ground that to do so would incriminate him. The defendant objected and moved to strike the testimony of the witness from the record, which motion was denied, and the defendant excepted.
It is apparent that the State contended that the defendant Perry fired the fatal shot, and that the defendant Perry contended that the witness Terry fired the fatal shot. The questions propounded bore directly upon these conflicting contentions, and if the State was to have the benefit of the testimony of the witness tending to substantiate its contention, the defendant was entitled to impeach this testimony, and to substantiate his contention, if he could, by cross-examination of the witness giving the testimony relied upon by the State.
His Honor's ruling practically denied the defendant the right to cross-examine the State's witness, and under these circumstances it was reversible error not to allow the motion of the defendant to strike the testimony of the witness from the record. The right of cross-examination is a common law right and is guaranteed by the Constitution of North Carolina: "In all criminal prosecutions every man has the right . . . to confront the accusers and witnesses with other testimony." Art. I, sec. 11. This Court has repeatedly held that the right to confront is an affirmance of the rule of the common law that in criminal trials by jury the witness must not only be present, but must be subject to cross-examination under oath. S. v.Thomas, 64 N.C. 74; S. v. Behrman, 114 N.C. 797; S. v. Dowdy, 145 N.C. 432;S. v. Dixon, 185 N.C. 727; S. v. Hightower, 187 N.C. 300; S.v. Breece, 206 N.C. 92; N.C. Handbook of Evidence (Lockhart), par. 275, pp. 326-7.
While it has been held that on trial for crime any defendant is competent and compellable to testify for or against a codefendant, provided he is not compellable to give evidence that may tend to convict him, either of the crime charged or other offense against the criminal law, S. v.Medley, 178 N.C. 710; S. v. Smith, 86 N.C. 705, it is part of the express or implied understanding that an accomplice admitted to testify *Page 798 
for the prosecution shall tell all he knows, S. v. Lyon, 81 N.C. 600, and he cannot refuse to answer a relevant question on cross-examination under the rule that he shall not incriminate himself, even though he is required to disclose confidential communications made to his attorney, as he has waived his privilege, S. v. Condry, 50 N.C. 418. In other words, an accomplice will not be permitted to disclose part of the facts and withhold the rest. He must tell the whole. The cross-examination of a witness is a right and not a mere privilege, S. v. Nelson, 200 N.C. 69, and any subject touched on in the examination-in-chief is open to cross-examination. Milling Co. v. Highway Commission, 190 N.C. 692.
If the further provision of Article I, sec. 11, of the North Carolina Constitution to the effect that "every man has the right not to be compelled to give evidence against himself" worked an irreconcilable conflict with the right of the defendant to cross-examine the witness, the court should have stricken the testimony of the witness from the record upon the motion properly lodged by the defendant, since the testimony was rendered incompetent by reason of the denial to the defendant of the right to cross-examine the witness. The power of the court to withdraw incompetent evidence improvidently admitted and to instruct the jury not to consider it has long been recognized in this jurisdiction. S. v. Stewart,189 N.C. 340.
For the error assigned the defendant is entitled to a new trial, and it is so ordered.
New trial.