Pearson, C. J.
The case depends upon the sufficiency of the registration of the deed, under which the defendant claims.
Two objections are made to it: 1-st. “It ought to have been registered in the county of Washington.” We think it was properly registered in the county of Hertford; because Mrs. Wynne, wheconveyed the slaves, in trust, for herself, resided in that 'county -at the date of the execution of the deed, and the •slaves were hired out in that county by her guardian. Mar?ria,ge settlements are required to be registered “ in the same manner as -deeds for lands,” within six months; Rev. Cod©, •■chap. 37, sec. 2é. Where a slave is the subject of the settlement, this reference to deeds for land is not apposite, but still the statute :so provides, and the construction must be — in the •county where the property is situate, as in the case of deeds ■for land. If an analogy be drawn from the other sections of the statute, ’as this deed was for the benefit of the maker, it ■resembles more a deed of trust or mortgage than a hill of sale for valuable consideration, and the 22nd section requires the former to be registered in the county where “ the donor, bargainor or mortgagor resides,” while the 20th section reqnires the latter to be registered in the county where the purchaser resides; so, both in reference to the county where the property was situate, and where the maker of the deed, who was «entitled to the beneficial ownership, resided, Hertford was the proper county.
2. “ As Gilliam did not attest the deed until after the marriage, he was not a subscribing witness, in respect to Mrs. Wynne, within the meaning of the statute, and, therefore, the probate, by him, did not support the order of registration:”
We admit the proposition, but do not concur in the conclu.ssion drawn from it. Had there been no subscribing witness *340 at the time the deed was executed, we conclude it would have been inoperative, but as there were two such witnesses', and they proved its execution on the trial, we think it passed the title, and that the registration was sufficient. The argument urged against it was this : a married pvoman has not capacity to execute a deed, therefore she has not capacity to acknowledge the execution of one. If the purpose of the acknowledgment was to give legal existence to the deed, or to add in any way to' its legal effect, this would be a logical conclusion; but where- there- has'been a complete execution o-f the deed before marriage, it is a non sequitur, that she has not capacity to acknowledge its previous execution. It is true, a wife eanno-t give evidence for or against her bus-band1, and, as a general rule, her declarations, or admissions, cannot he given in evidence for or against him, a.s if he- be sued for a trespass committed by her, or slanderous words, which she may have uttered, her subsequent admissions, we presume, would not be evidence against him ; but that is a different question from the one now before us. As respects the husband, the acknowledgment of the wife was made in his presence, and by his consent, and, as it respects her, it was, obviously, on the side of her interest, which repels all idea of constraint, and the question is, s-imply, when a deed has been duly executed, may not a wife, in the presence of the husband, acknowledge its execution for the mere purpose of registration, in order to save the trouble and expense of sending for the subscribing witnesses ? We can see no objection to it, and in the absence of authority, must conclude there is none. For, assuming the deed, to have been duly executed before the marriage (as was proved in this case) the title had passed, so that the husband had no interest, and the law does not presume that a woman loses her memory by getting mar.ried. A wife has capacity to make a will of personalty with the consent of her husband; so, she may convey real estate, a privy examination being required to guard against constraint; and if a-woman, before marriage execute a deed for land, we suppose she may, after marriage acknowledge its *341 execution, at least, for the purpose of registration, without -a privy examination. Her incapacity to make a contract, except as the agent of her hnsband, or to convey personal estate* arises from the fact, that all of h-er rights are vested in him, and she has no property of that kind to deal with. But there is another ground in support of the registration, which seems to be conclusive, if a deed be put or the books of the register without probate and an order of registration, it amounts to nothing; Williams v. Griffin, 4 Jones’ Rep. 31. But if there be a probate and an order of registration by competent authority, and the proceeding upon its £aee is regular and in due form, the registration is valid, for the mere purpose of registration, although the witness, who proved the execution •of the deed, was incompetent; McKinnon v. McLean, 2 Dev. and Bat. Rep. 79. This decision is put on the ground, that ■such registration gives the notice designed for creditors and ipnrchasers, and as «very object of the law is answered, a proceeding before competent authority, and in due form, ought •not to be vitiated by proof, aliunde, of a fact which show's the proceeding to have been erroneous ; provided the execution of the deed be proved at the trial.
In our ease, every thing is regular on the face of the proceeding, and on the authority of McKinnon v. McLean, we are of opinion that the registration cannot be vitiated by going behind it and proving a fact, from which it appears that die witness, Gilliam* although a subscribing- witness according to the face of the pa-per, wasflnot so within the meaning of the statute. Of course, the principle is confined to the mere act of registration, and cannot be extended so as to allow- a deed to he read in evidence at the trial without proof >»f its execution.
Carrier v. Hampton. 11 Ire. Rep. 307, does not conflict with McKinnon v. McLean, or with the decision in this ease, for the opinion that the registration of the deed in that ca'se was insufficient, is put on the ground that the defect, in the probate, -appeared on its face; and supposing the registration to be sufficient in respect te the mere ©ereaffiOMy <®f regisira *342 tiOn,. as the object of giving notoriety was-answered, stiii suck registration was not sufficient to, dispense- with proof of the execution, of the deed at the trial.
There is no- error.. Judgment of nonsuit on the case- agreed..
Per Curiam,
Judgment affirmed.