### THE STATE *v.* JOHN W. THOMAS.

In all criminal prosecutions every man has a right to *confront* the accusers and witnesses with other witnesses; *Therefore,*

*Entries in the course of business,* upon the books of a Railroad Company, by one, at the time an agent of the Company, and still living, but absent from the State, are not competent evidence of the facts therein set forth, upon the trial of a third person for crime.

(*State* v. *Valentine,* 7 Ire. 225, cited and approved.)

PERJURY, tried before *Tourgee, J.,* at Fall Term 1869, of GUILFORD Court.

In the course of the trial, the State offered in evidence the books of the North Carolina Railroad Company, at Thomasville station, in order to show that certain cotton, in regard to which it was alleged that the perjury had been committed, had been received by the defendant. It was shown that the entries were in the hand of one Lea, a former agent of the Company at that Station, and were in reference to the ordinary business transactions of the corporation to which they belong. The death of Lea was not shown, but that he was living a short time previously in the State of Missouri.

The defendant objected to their introduction. The objection was overruled, and the defendant excepted.

Verdict, *Guilty*; Rule for a new trial, &c.; Judgment, and Appeal.

STATE *v.* THOMAS.

*Gorrell*, for the appellant.

In order that entries in books, whether *in the course of the business*, or *against the interest* of the party making them, shall be competent evidence, such party must be *dead* : *Price* v. *Earl Torrington*, Salk. 690 ; *Doe* v. *Turford*, 3 Barn. & Ad. 890 ; *Poole* v. *Dicas*, 1 Bing. N. C. 649 ; *Welch* v. *Barrett*, 15 Mass. 380 ; *Brewster* v. *Doon*, 2 Hill (N. Y.) 537 ; *Moore* v. *Andrews*, 5 Porter (Ala.) 107 ; *Kennedy* v. *Fairman*, 1 Hay. 458 ; *Higham* v. *Ridgeway* 10 E. 109, (Smith, L. C. 2d, 183) ; *Whitemarsh* v. *Gifford*, 8 Barn. & Cress. 556 ; *Speers* v. *Morris*, 9 Bing. 687 ; *Meddleton* v. *Milton*, 10 Barn. & Cress. 299 ; *Peck* v. *Gilmer*, 4 D. & B. 249.

*Attorney-General, McCorkle and Scott, contra.*

PEARSON, C. J.    For the purpose of showing that the cotton, in regard to which the perjury is charged to have been committed, was received by the defendant, the books of the North Carolina Rail Road Company at Thomasville station were offered in evidence.   It was shown that the entries were in the handwriting of one Lea, a former agent of the company at said station, and were in reference to the ordinary business transactions of the corporation.

"The death of Lea was not shown ; but that he was living a short time previous in the State of Missouri." The evidence was objected to by the defendant ; objection overruled ; and the defendant excepted.   We must assume that the entries furnished material evidence, and that Lea was living and was absent from the State.   We take occasion to say that it was the duty of his Honor to pass upon this fact, and to set it out *as a fact*, and the recital of the evidence from which he made the inference a fact, is superfluous and irregular.

It is a cherished rule of the common law, that in trials by jury the witnesses shall be openly examined and cross-

examined, in the presence of the parties and of the jury. An exception is made in regard to dying declarations, but this exception is restricted to indictments for homicide against the party who caused the death, and is based on the maxim, "no man shall take advantage of his own wrong." A relaxation of the rule is also made, so as to admit in evidence what a witness *who is dead* swore on a former trial before a jury, or a committing magistrate; upon the ground that the accused had the benefit of *confronting* the witness, and of a cross-examination, and is only deprived of one test of truth, the presence of the witness before the jury, which loss was caused by the act of God: *State* v. *Valentine*, 7 Ire. 225.

In the case before us, it was material on the part• of the State to prove the delivery of the cotton to the defendant, at Thomasville. To make this proof, the presence of the witness was necessary, (1) that he might be put under the obligation of an oath, (2) that the jury might note his looks and demeanor, (3) that the defendant might confront him with other witnesses, and (4) that the defendant might cross-examine him. Constitution, Art. I sec. 11: "In all criminal prosecutions every man has a right to be informed of the accusation against him, and to confront the accusers and witnesses with other witnesses." We take it that the word *comfront* does not simply secure to the accused the privilege of examining witnesses in his behalf, but is in affirmance of the rule of the common law, that in trials by jury, the witness must be present before the jury and accused, so that he may be confronted, that is, put *face to face.*

Upon the trial; it being proved that Lea was absent and not within reach of the process of the Court, all of these safeguards which the law has provided for the purpose of excluding falsehood, in favor of one charged with an infamous crime, are by the ruling of his Honor, put out of the way ; and entries made by Lea, in the books of the Railroad Company are admitted to prove the delivery of the cotton in the

stead of—the solemn oath of Lea subjected to the tests of truth ordained by the law of the land.

Whether the entries would be admissible as evidence, on proof of the death of Lea, is a question not now presented. We are satisfied that the entries were not admissible, on proof of Lea's absence from the State. If such was the law, it would be infinitely better for persons accused of crime to consent to have the depositions of witnesses who are absent from the State, read in evidence; for they would thus secure the safeguards of an oath, and of a cross-examination, and be deprived only of the safeguard of confronting the witness in the presence of the jury. And yet, neither the Chancellor, according to the practice in England of issuing commissions to take depositions of witnesses residing abroad, nor the Legislature, in passing statutes for the same purpose, have ever supposed that they had the power to deprive the accused of his right to confront his accusers and their witnesses, before the jury.

As the trial was conducted, the defendant has, in this point, been deprived of the safeguards provided by law in favor of life and liberty, and therefore has not been convicted according to law. There is error.

This will be certified, to the end, &c.

