STATE *ex. rel.* ROSETTA BIGGS v. ABNER BENNETT.

The defendant on the trial of issues in a Bastardy Proceeding, offered to prove that just nine months previous to the birth of the child, the prosecutrix had illicit intercourse with another man; and that on one occasion, about that time, they were caught in the act, which evidence, his Honor, the presiding Judge, ruled out: *Held*, that there was no error in his Honor's ruling; and that the evidence offered did not tend to rebut the presumption of paternity, which the statute, Bat. Rev., chap. 9, sec. 4, creates upon the oath of the woman.

PROCEEDING IN BASTARDY, tried before MOORE, J., at Spring Term, 1876, of MARTIN Superior Court.

The defendant offered to prove that just nine months prior to the birth of the child, the prosecutrix had illicit intercourse with another man, and that on one occasion about that time they were caught in the act.

The State objecting to the evidence, it was ruled out by the court, and the defendant excepted.

There was a verdict and judgment against the defendant, and thereupon he appealed.

*Attorney General Hargrove,* for the State.
*Mullen & Moore* and *Walter Clark,* for the defendant.

RODMAN, J. The only question is, did the evidence offered tend to rebut the presumption of paternity, which the statute creates upon the oath of the woman? Bat. Rev., chap. 9, sec. 4. If it did not, it was irrelevant. We think it did not. Taken in connection with the oath of the woman, it would only tend to prove the physiological fact that two men may have connexion with a woman about the same time, and one of them get her with child. It would not tend to rebut the presumption that the defendant was the one. If the defendant had further proposed to prove that he had had no connexion with the woman during the time

20

in which, according to the course of nature, the child must have been begotten, the presumption would have been rebutted. But this he did not offer to do. The proceeding in bastardy is not a criminal action, and the paternity need not be proved beyond a reasonable doubt.

There is no error. Judgment below affirmed, and case remanded to be proceeded in, &c. Let this opinion be certified.

PER CURIAM.                              Judgment affirmed.