STATE v. R. W. A. ROGERS.

*Bastardy—Evidence—Judge's Charge.*

On the trial of an issue of bastardy, the Court below charged the jury that "the written examination of the woman was presumptive evidence that the defendant was the father of the child, and that it devolved on him by a preponderance of evidence to show that he was not; and that if taking all the evidence into consideration, both sides were evenly balanced, the State was entitled to a verdict;" *Held*, not to be error.

(*State* v. *Bennett*, 75 N. C. 305, cited and approved.)

PROCEEDING in Bastardy heard at Spring Term, 1878, of UNION Superior Court, before *Moore, J.*

On the trial of the issue as to the paternity of the child, the examination of the mother taken before the Justice was read to the jury, and the Solicitor then rested his case. Thereupon the defendant introduced himself and other witnesses to show that he was not the father; and to rebut this, the State introduced the mother and others to prove that he was the father of the bastard child.

The Court charged the jury that the written examination of the woman was presumptive evidence that defendant was the father of the child, and that it devolved on him by a preponderance of evidence to show that he was not; and that, if "taking all the evidence into consideration, both sides were evenly balanced, the State was entitled to a verdict." To this instruction the defendant excepted. Verdict for the State. Judgment. Appeal by defendant.

*Attorney General*, for the State.

*Messrs. Covington & Vann* and *W. H. Pace*, for the defendant.

SMITH, C. J. (After stating the case as above.)    If the

39

Judge in giving the instruction intended to tell the jury that taking the oral testimony delivered by the witnesses into consideration, if their minds were brought to an equipoise, and neither side preponderated, then the force and effect given by the statute to the written examination must turn the scale and give the State a verdict, the correctness of the charge will not admit of question; and such we must suppose to have been the understanding of the jury. If, however, the Court meant that putting the written examination and testimony of witnesses together, and considering the entire evidence, if there was no preponderance either way, the verdict must be against defendant, the correctness of the charge would not be so clear. But even upon this construction of the charge, as some effect must be allowed the examination under the statute beyond its value as mere evidence, we are disposed to concur with the Judge, that it must prevail. *State* v. *Bennett,* 75 N. C. 305. There is no error. This will be certified to the end that further proceedings may be had according to law.

No error.                                Judgment affirmed.