THE STATE AND GEORGIANA HUNTER v. T. R. WILLIAMS.

*Appeal—Settlement of Case on Appeal—Trial—Inadvertent
Remarks of Judge—Bastardy—Burden of Proof.*

1. Although the failure of the Judge to settle a case on appeal within
   sixty days after the Courts of the district closed, might subject
   him to a civil action for the penalty prescribed in the statute, he
   may, after that time, make up the case.

2. An appellant cannot complain that he was not notified of the time
   and place of settlement of the case when he did not request to be
   so notified.

3. That the Judge spoke of a bastardy proceeding as an indictment, did
   not prejudice the defendant when it was corrected in the charge.

4. In bastardy it was not error to charge, that if the oral testimony
   offered by the prosecution and the defendant, taken together, left
   the minds of the jury in doubt, that then the presumption raised
   by the written examination of the woman would not be rebutted,
   and the defendant would be guilty.

PROCEEDING in bastardy, tried before *Boykin, J.,* upon
appeal from a Justice of the Peace, at March Term, 1891, of
ALAMANCE Superior Court.

The State offered the affidavit of Georgiana Hunter, in
which she stated, that she had been delivered of a bastard
child on the 21st of June, 1889; that she was a single woman;
that the said bastard child was liable to become a charge to
the county, and that the defendant T. R. Williams was the
father of the child.

The State rested, and the defendant himself and others, as
witnesses in his behalf were introduced, and from them there
was evidence tending to show that defendant was not guilty
of the charge.

The State then introduced the mother and other witnesses
in behalf of the State, who gave evidence to show the guilt of
the defendant.

The testimony being concluded, his Honor charged the jury, and, in conclusion, said :

" In an issue of paternity in a bastardy proceeding, the written examination of the mother is presumptive evidence that defendant is the father of the child, and when such written examination is introduced by the State, as in this case, it devolves upon the defendant, by a preponderance of evidence, to show that he is not the father. Upon the failure of the defendant to so show, by a preponderance of evidence, that he is not the father, it is the duty of the jury to convict. If the defendant has satisfied the jury, by a preponderance of evidence, that he is not the father of the child, then the jury should acquit. If, however, the oral testimony taken together, both for the prosecution and defendant, left the minds of the jury in doubt, then the presumption raised by the written examination would not be rebutted, and the defendant would be guilty." Defendant excepted.

In the opening of the charge to the jury, the Judge inadvertently said that this was an indictment against the defendant in bastardy, but afterwards, in the charge, this mistake was corrected, and the Judge stated to the jury that it was a proceeding in bastardy in which the defendant T. R. Williams was charged with the paternity of the bastard child of Georgiana Hunter, the prosecutrix, and that the issue was, " Is the defendant, T. R. Williams, the father of the bastard child in question?" Defendant excepted.

The jury returned a verdict of guilty. Defendant moved for a new trial, on the ground that the Court erred in the parts of the charge to the jury as before recited. Motion refused, and judgment was rendered against the defendant, from which he appealed.

*The Attorney General,* for the State.
*Messrs. L. M. Scott* and *W. H. Carroll,* for defendant.

CLARK, J.: The appellant's case on appeal, with the exceptions filed thereto, was handed to the Judge, who failed to settle the case within sixty days after the Courts of the district had closed. The appellant now asks that his statement of case on appeal should be taken instead of the "case" as since settled by the Judge, insisting that the Judge, being liable to a penalty for the delay, cannot "settle" the case. It is sufficient to say, that though *The Code*, § 550, on the failure of the Judge to settle the case in the prescribed time, permits an action against him for a penalty of $500 (if, indeed, he is liable at all in this case, as to which we express no opinion), that does not subject the appellee to lose his right to have the "case settled" by the Judge upon disagreement. The appellant further insists that the Judge should have given him notice of time and place of settling the case. But it does not appear that he "requested" this when sending the case to the Judge, as required by the statute, nor afterwards. A case exactly in point is *Walker* v. *Scott,* 106 N. C., 56.

It is not seen how the inadvertence of the Judge in referring to the action as an "indictment" prejudiced the defendant, but if it could have had that effect, the error was cured by the Judge correcting it in his charge. *State* v. *McNair,* 93 N. C., 628.

The charge that if the oral testimony offered by the prosecution and the defendant, taken together, "left the minds of the jury in doubt, then the presumption raised by the written examination (of the woman) would not be rebutted and the defendant would be guilty," is correct. *State* v. *Rogers,* 79 N. C., 609; *The Code,* § 32.

Affirmed.