Witnesses were introduced, and testified in behalf of both sides. At the conclusion of the testimony the court told the jury that, on the whole case, the burden of proof on the issue submitted, whether the defendant was the father of the child, was upon the State; but, the affidavit of the woman having been introduced, that is presumptive evidence against the defendant, subject to be rebutted by other testimony which may introduced by him; that a proceeding in bastardy is not a criminal action; that it was not necessary for the State to prove the paternity beyond a reasonable doubt, nor, after the introduction of the affidavit, was it necessary for the defendant to prove beyond a reasonable doubt that he was not the father of the child, but this must be shown to the satisfaction of the jury, and if it was not so shown they should answer the issue "Yes; but that if the defendant had satisfied the jury that he prosecution and the defendant, taken all together, left the minds of the jury in doubt, if their minds were brought to an equipoise, and neither side preponderated, then the presumption raised by the written examination of the woman would not be rebutted, and the issue should be answered "Yes"; but that if the defendant had satisfied the jury that he did not beget the child, of if, in their opinion, there was, on the oral testimony, a preponderance of evidence in defendant's favor, then the issue should be answered "No."
To the above instructions, touching the burden of proof, the defendant excepted.
Second Exception. — The judge went over to the jury all the arguments advanced by defendant's counsel — that prosecutrix was of bad character and was telling a palpable falsehood when she said that the defendant had had intercourse with her only once; that he was the first man she had ever known, and yet she had previously (837) had a bastard, etc.; that it was very improbable that the defendant, *Page 516 
if he were a frequent visitor at her father's house, should have had connection with her once, and only once, etc.; that defendant was of good character and the more credible, etc.; said counsel had argued to the jury that the prosecutrix had said on the trial before justice of the peace that the child was begotten in July or August, 1889, and that there was a discrepancy between that statement and the contents of the affidavit or written examination of the woman, the counsel dwelling on this at considerable length. The judge told the jury that, according to his calculation, the interval between July or August, 1889, and the date of the affidavit, January, 1893, was three years and five or six months; that she had stated (as the counsel for the defendant himself said) that the child was 2 years and 8 months old at the time the affidavit was made, and that to this last period, if the time of gestation be added, there would be 3 years and 5 months; that the jury would make their own calculation, and if there was a discrepancy it would tend to contradict the prosecutrix and be in favor of the defendant; if there was no discrepancy, it would tend to corroborate prosecutrix.
After the jury had retired, that sent the sheriff to the judge with the request that he got down those dates for them, and the judge wrote down on a sheet of paper the following, one of the defendant's counsel looking on:
"1. Prosecutrix says the child was begotten in July or August, 1889.
"2. The affidavit is dated in January, 1893.
"3. She says the child was 2 years and 8 months old at the time the affidavit was made."
The said counsel said to the judge that he did not object to the two last memoranda being sent to the jury, but did object to the first (838) one being sent them. The judge, remarking to the attorney that his argument on this point was based on the fact that the prosecutrix had said the child was begotten in July or August, 1889, told the sheriff to take the paper to the jury — the paper with all three memoranda on it — which he did. To this the defendant excepted.
Third Exception. — In charging the jury, the court told them the issue was whether the defendant was the father of the bastard — not whether this Thomas McNeill kept a bawdy-house — and said McNeill's answer to the question about the bawdy-house was conclusive as to that matter, by which it was sought to impeach him. At the time this was stated to the jury the defendant did not enter any objections. The defendant did except after verdict, and filed written exceptions; and in his case on appeal, a verdict having been returned against the defendant, he moved for a new trial on account of the alleged errors above assigned. Motion overruled, and defendant excepted. *Page 517 
 Fourth Exception. — This case was tried on Monday, the first day of the term, but no objection to that was made by the defendant till after the verdict had been rendered. He then moved to set aside the verdict on that account, the statute (Laws 1891, ch. 277) providing that the first three days of this term shall be devoted to the trial of criminal actions only. The court held that this objection, not being taken until after verdict, was waived, and the motion was overruled. The defendant excepted. For the same reason the defendant moved in arrest of judgment. Motion denied, and defendant excepted. For the same reason defendant moved to dismiss the action for want of jurisdiction. Motion denied, and defendant excepted.
Judgment against defendant, from which he appealed.
His Honor followed the statute (The Code, sec. 32) when he instructed the jury that the affidavit of the woman was presumptive evidence against the defendant. If presumptive, it might be rebutted by testimony; if not rebutted, the preponderance upon the issue of paternity was on the side of the State, and there could be no even balance. S. v. Williams, 109 N.C. 846;S. v. Rogers, 79 N.C. 609.
The second exception cannot be sustained. The judge may now, by statute, hand his charge in writing to the jury; surely he may, at their request, send them a memorandum of certain dates necessary to be remembered in order to enable them to reach a conclusion. Only one item of this memorandum was objected to by defendant's counsel, and this item was necessary to enable the jury to understand the others.
The third exception was taken in apt time, but is not sustained. The witness, Thomas McNeill, the father of the prosecutrix, was testifying for the State, and, in reply to a question, upon his cross-examination, said: "I do not keep a bawdy-house." The defendant afterwards offered a witness who testified that the character of Thomas McNeill was not good, and the solicitor asked him, on cross-examination, "What is it bad for?" The reply was, "It is bad for keeping a bawdy-house." If McNeill's testimony on this point could have been contradicted, it must have been by direct testimony and not by hearsay evidence as to his character. The question was for no other purpose than to impeach his whole testimony. The answer was a direct and positive denial, and was conclusive, unless contradicted by testimony other than that as to character.
The last exception has been disposed of by the ruling of this Court in S. v. Burton, 113 N.C. 655, and Myers v. Stafford, (840) *Page 518 ante, 234 where it is said, in substance, that a bastardly proceeding is an anomalous one since the act of 1879, being civil in so far as it seeks to hold the defendant liable for the support of the child, but that by virtue of said act (section 35 of The Code) it is criminal in its nature as regards the fine directed to be imposed.
It properly stood for trial on the day when it was tried.
No error.
Cited: S. v. Rogers, 119 N.C. 794; S. v. Kincaid, 142 N.C. 661; S.v. Addington, 143 N.C. 686: S. v. McDonald, 152 N.C. 805.