### STATE v. WALTER MITCHELL,

*Bastardy Proceedings—Oath and Examination of Woman—Prima Facie Evidence—Constitutional Privilege of Accused to Confront Accuser and Witnesses—Waiver—Objections to Evidence.*

1. On the trial of an appeal from a judgment of a justice of the peace in bastardy proceedings, the oath and examination of the woman is *prima facie* evidence of the defendant's guilt and the burden is on him to exonerate himself from the charge.

2. The term "*prima facie*" is synonymous with the word "presumptive" as used in Section 32 of *The Code*, in defining evidence that is to be received and treated as true "until rebutted by other testimony which may be introduced by the defendant."

3. The defendant in bastardy proceedings may waive the right, guaranteed by Section 11 of Article 2 of the Constitution to be informed of the accusation against him, and to confront the accusers and witnesses face to face, and where, on the trial of an appeal from the judgment of a justice of the peace, the oath and examination of the woman taken before him is offered, the defendant will be deemed to have waived such constitutional privilege where he does not in express terms insist on the bodily presence of the prosecutrix on the witness stand, and a general objection to the evidence is not sufficient.

(CLARK, J., dissents, *arguendo*.)

The defendant was arrested and brought before a justice of the peace upon the charge of bastardy. He entered the plea of not guilty, and, offering no evidence, upon the affidavit or complaint, he was adjudged to be the father of the child, and judgment was entered against him accordingly. He appealed to the superior court of Wilson county, where, at June Term, 1896, a jury was empaneled.

STATE *v.* MITCHELL.

June term, 1896, before *Boykin, J.* His Honor charged the jury that the oath and examination of the prosecutrix taken before the justice of the peace was under the statute *prima facie* evidence of defendant's guilt, and that the burden was upon defendant to exonerate himself from the charge so made against him. To this charge the defendant excepted and appealed from the judgment rendered.

*Attorney General* and *Mr. Perrin Busbee*, for the State. No counsel, *contra.*

AVERY, J. : The charge that the oath and examination of the mother of the bastard child was *prima facie* evidence of the defendant's guilt, was not erroneous. *State v. Rogers*, 79 N. C., 609 ; *The Code*, Sec. 32. *Prima facie* evidence is that which is received or continues until the contrary is shown. *Kelly* v. *Johnson*, 6 Peters, (U. S.) 622. It is clear from the terms of the Statute (*Code,* Sec. 32) that the word "presumptive" is used there to define evidence that must be received and treated as true " till rebutted by other testimony, which may be introduced by the defendant," and that it is therefore synonymous with *prima facie.* We see no force in the suggestion that there was error in the use of one of the terms rather than the other.

Another ground of objection to the competency of the written examination of the mother is that its admission was a violation of the Constitution, Article 1, Sec. 11. That section provides that " in all criminal prosecutions every man *has the right* to be informed of the accusations against him and to confront the accusers and witnesses with other testimony."

Conceding that since the begetting of a bastard child
119—50

has been made a criminal offence, the accused has *the right* to insist upon the production of his accusers, it is nevertheless a right that is waived by failure to assert it in apt time, like the guarantee contained in the same section that he shall not be compelled to give evidence against himself. The application of the principle to the crimination of a party by his own testimony is so common in practice as to have become familiar learning. When asked the criminating question it is the privilege of the witness to determine whether it is preferable to answer or to ask the protection of his constitutional right. Indeed, it is a general rule that a party may waive the benefit of a constitutional as well as a statutory provision. Sedgwick Stat. & Const. Law, p. 111. The right may be waived either by express consent, by failure to assert it in apt time or by conduct inconsistent with a purpose to insist upon it. Sedgwick, *supra ; Lee* v. *Tillotson,* 24 Wend., 337 ; Const. Art. 1, Sec. 19 ; *Code,* Sec. 398 ; *Reynolds* v. *U. S.,* 98 U. S., 145 ; *State* v. *Behrman,* 114 N. C., 797 ; *State* v. *Thomas,* 64 N. C., 74 ; *Driller Co.* v. *Worth,* 118 N. C., 746, and same case, 117 N. C., 515. It is settled law in North Carolina that the important privilege of being present in person, so as to confront one's accusers, on trial for a criminal offence, may, except in capital felonies, be waived by counsel. *State* v. *Jacobs,* 107 N. C., 772 ; *State* v. *Weaver,* 13 Ired., 203 ; *State* v. *Paylor,* 89 N. C., 539 ; *State* v. *Kelly,* 97 N. C., 404. For like reasons, one who is actually or constructively present at the trial of an indictment against him for offences of the lower grade must be deemed to have waived, when he does not in express terms insist upon the bodily presence of the prosecutrix on the witness stand. The legislature has made a defendant a competent witness on the trial of an indictment against himself. He may exercise this privilege or

not, but if he once elects to go upon the stand he is deemed to have waived his right to refuse to answer questions intended to elicit self-criminating testimony from him, where such questions would have been competent on the examination of other witnesses. *State* v. *Thomas*, 98 N. C., 599 ; *State* v. *Allen*, 107 N. C., 805. Where a statute gives a prisoner the privilege of taking depositions outside of the State, upon condition that the State shall have the like right, it has been held that he waives the benefit of the constitutional privilege by the exercise of the right to avail himself of such testimony. *Butler* v. *State*, 97 Ind., 378. He takes the new statutory privilege upon the condition annexed by its provisions to its acceptance—that he shall thereby waive his constitutional right to face the witness. The Legislature clearly has the general power to pass statutes giving artificial weight to any particular kind of testimony in specified classes of criminal actions. *State* v. *Burton*, 113 N. C., 655, and cases there cited. The statute (*Code*, Sec. 32) must be enforced till it comes in conflict with the Constitution. The broad exception to the admissibility of the oath and examination of the woman is sufficient to raise the question which we first discussed ; but, if the defendant intended to throw himself upon his constitutional privileges, which he might at his option waive or demand, it was incumbent on him to object on the specific ground that he insisted upon the right to have the woman introduced and to be confronted by her as his accuser. Had the defendant pursued this course it may be that the solicitor would have had the prosecutrix sworn and tendered her for cross examination. Such an offer unquestionably would have afforded him the opportunity contemplated by the Constitution of meeting his antagonist face to face. *State* v. *Thomas*, 64 N. C., 74. This general assignment of error in admitting a document declared

STATE *v.* MITCHELL.

competent by statute no more raises the constitutional question, than would an exception to criminating testimony given by a witness without objection on the specific ground that it might subject him to punishment. The constitutional right, if it existed, was waived by the failure to object to the testimony, because the right guaranteed to him was not that he should be compelled to confront his accuser in a case like that before us, but that he might on demand have her compelled to meet him " face to face."

No Error.

CLARK, J. (dissenting) : In the dissenting opinion of Brother Montgomery and myself, in *State* v. *Ostwalt*, 118 N. C., 1217, we pointed out many of the inconveniences and inconsistencies which would follow the departure from the long-settled legislative and judicial recognition of bastardy as a police regulation and therefore a *quasi* civil proceeding. The present adds an additional instance to those cited by us. It may be that on thus being called to the attention of the law making power, the evil may be remedied by unequivocal legislation. It is no benefit to add bastardy to the criminal law, when there exists already a far more efficient criminal proceeding by an indictment for fornication and adultery, and, besides, by giving to bastardy proceedings the technical advantages conferred on those put on trial for crime, it has been rendered utterly inefficient for the purposes for which it was really intended, and used for so long a period, of making the father support the child and protect the county from liability therefor.