## STATE v. MACK ROGERS.

*Bastardy—Constitutional Law—Power of Legislation—Criminal Law—Evidence—Presumptive Evidence—Right of Accused to Confront Accuser—Trial—Instructions.*

1. The Legislature has the power to provide that, upon the trial of certain classes of criminal or civil actions, artificial weight shall be given to specific kinds of testimony ; hence

2. Section 32 of *The Code,* declaring that the oath and examination of the mother of a bastard child to be "presumptive" evidence against the person accused "is" valid exercise of legislative power.

3. Where one charged with the paternity of a bastard child failed to demand an opportunity to confront and cross-examine the prosecutrix at the time her written examination was offered, he waived thereby his right to subsequently object to the evidence on the ground that he was not offered such opportunity.

4. Notwithstanding the fact that the oath and examination of the mother of a bastard child are presumptive evidence against defendant, yet, if the defendant denies the paternity and contradicts the testimony of the prosecutrix, the matter is put at large, and the jury must be satisfied, beyond a reasonable doubt, of the defendant's guilt, and an instruction which allows the jury to convict on testimony that merely "satisfies" them of his guilt, is erroneous.

PROSECUTION for bastardy, tried before *McIver, J.,* at March term, 1896, of Wake Superior Court.` The defendant was committed and appealed. The facts sufficiently appear in the opinion of Associate Justice AVERY.

*Attorney General* and *Mr. T. P. Devereux,* for the State.

*Mr. W. L. Watson,* for defendant (appellant).

AVERY, J. : The statute (*Code,* Sec. 32) declares that

the oath and examination of the mother of a bastard child shall be "presumptive evidence against the person accused." *State* v. *Rogers*, 79 N. C., 609. The Legislature clearly has the power, upon the trial of certain classes of criminal or civil actions, to provide that artificial weight shall be given to specific kinds of testimony. *State* v. *Burton*, 113 N. C., at p. 655 ; *State* v. *Cagle*, 114 N. C., 835 ; *State* v. *Mitchell*, at this term.

If the purpose of the defendant was to rest his objection to the oath and examination of the prosecutrix, Molly Bobbitt, as evidence, on the ground that he had the right under the Constitution to confront his accuser, he waived his right to insist upon that objection in the subsequent stages of the trial below or on appeal, by failing to demand that opportunity be given him to confront and cross-examine her when the written evidence was offered. *State* v. *Mitchell, supra.* This question was fully discussed in Mitchell's case, and it is needless to repeat what was there said. There was no error in admitting the written testimony or in telling the jury that it was presumptive evidence of the defendant's guilt.

This is not a case where the violation of the letter of the law is admitted or not disputed, and a license or necessity or some defense that confesses the act charged, and seeks to avoid the consequences by showing some excuse recognized by the law as sufficient to relieve it of its criminal character. But, notwithstanding the artificial weight given to the oath and examination, the defendant went upon the stand as a witness and offered testimony directly contradictory of the charge of paternity itself, and insists that it is sufficient to rebut it. Where the killing with a deadly weapon is admitted on the trial of an indictment for murder, it raises a presumption, since the passage of our statute grading homicides, that the defendant is

guilty of murder in the second degree. But, where the State offers testimony tending to show a killing with a deadly weapon, and the prisoner offers contradictory evidence to show that no such weapon was used, the matter is put at large and the ultimate inquiry for the jury is whether, from the whole of the testimony, they are satisfied beyond a reasonable doubt of the defendant's guilt by being convinced of the truth of the testimony offered to establish it, including that in reference to the use of a deadly weapon. So here, though the law makes the oath of the woman presumptive proof, it no more changes the rule for ultimately coming to a conclusion when the fact of begetting the bastard is contradicted by the defendant's testimony than when the testimony tending to prove the killing with a deadly weapon is contradicted.

Proof of having certain weapons off the premises of him who is accused is *prima facie* evidence of concealment, and it has been held in *State* v. *Mitchell, supra,* that the terms are in such cases synonymous. Yet where the defendant undertakes to prove that he carried no weapon at all, it will not be contended that it is not incumbent on the State to fully satisfy the jury from the whole of the evidence of his guilt.

On the other hand, where one admits that he went upon the land of another after being forbidden to do so, but proposes to show that he entered under a *bona fide* claim of right, he concedes the fact of doing an act that is criminal unless he can make good the defense which relieves it of its criminal character. Another familiar illustration of this distinction is the class of cases where the act denounced by the law is admitted, and the defendant attempts to show that it was done under the stress of necessity, and is required to prove the extraordinary

STATE *v.* ROGERS.

defense to the satisfaction of the jury.   *State* v. *Railway Company*, at this term.

But in all cases where rebutting testimony is offered to disprove the main facts constituting guilt, not merely testimony to set up a defense by way of confession and avoidance, it is for the jury to determine whether the artificial weight of the evidence has been overbalanced by that offered in rebuttal, and in doing so it is proper for the Court to submit the established rule for their guidance. It has been held that it is not error to instruct the jury on the trial of criminal actions that, in order to convict, it is sufficient if the testimony "fully satisfies" them of the defendant's guilt, instead of adopting the ordinary formula that they must be "satisfied beyond a reasonable doubt." *State* v. *Sears*, Phil., 146 ; *State* v. *Knox, Ibid.*, 312 ; *State* v. *Parker, Ibid.*, 473.

The ruling in the cases cited is founded upon the idea that there is no prescribed formula, and that a juror who is "fully satisfied" is certainly as free from doubt as one who is "satisfied beyond a reasonable doubt." *State* v. *Sears, supra.* Had the Court substituted the words "fully satisfied" for "satisfied beyond a reasonable doubt," the charge would not have been erroneous.   But since the begetting of a bastard child has been made a criminal offense, it is clearly insufficient and misleading to tell the jury that they may convict upon testimony that "satisfies" them of the defendant's guilt.   For this error a new trial is granted.

New Trial.