JESSE MABE v. HAMP MABE.

(Decided April 12, 1898).

*Action to Recover Land—Trial—Depositions in a Separate Action—Deed—Registration—Presumption.*

1. In the trial of an action a deposition regularly taken in another action between the same parties and involving the same subject matter is admissible as substantive evidence, and may be introduced whether the deponent has been examined as a witness in the case being tried, or not.

2. The matters involved in an action on a note given for land and in an action to recover the land itself are so connected as to make a deposition taken in the former competent evidence in the latter when the two actions are between the same parties.

3. In the trial of an action to recover land the defendant introduced a duly registered deed from the plaintiff to himself for the land in controversy. *Held,* that the due registration of the deed created a presumption of its execution which cast the burden of rebuttal on the plaintiff.

CIVIL ACTION to recover land tried before *Starbuck, J.,* and a jury at Fall Term, 1897, of STOKES Superior Court. The facts appear in the opinion. There was a verdict for the plaintiff and from the judgment thereon the defendant appealed.

*Messrs. A. M. Stack, Jones & Patterson* and *R. L. Haymore* for plaintiff.

*Messrs. Scott & Reid* and *J. T. Morehead* for defendant (appellant).

FURCHES, J. This is an action of ejectment and the record presents only two questions necessary to be discussed—one of these is a question of evidence and the other is as to the burden of proof.

The first exception is as to the ruling of the court

upon the deposition of one Woolwine, taken in a suit between the same parties in the State of Virginia. This deposition was offered by the defendant and upon objection on the part of the plaintiff the court allowed a part of it to be read and excluded the other part. The deponent Woolwine had been examined as a witness in the trial of this case, and the court allowed that part of the deposition to be read which, in the opinion of the court, corroborated the testimony of Woolwine as given in this case, and excluded what the court thought did not corroborate Woolwine.

In our opinion there was error in this ruling. It appeared that there was an action pending between the plaintiff and the defendant at the time said deposition was taken; that it was taken on notice and cross examination; was properly certified to the court where the action was pending, in which it was taken, and was competent evidence in that case. It seems to have been taken in an action for the collection of a note given as the price of the land in dispute in this action. And though the land now in controversy was not directly in issue in the action in which the deposition was taken, yet the matters in that suit, and in this, are so connected that it makes the deposition competent evidence in this action. *Stewart* v. *Register*, 108 N. C., 588. It may be, and it is probable, that the part of the deposition the court allowed to be read, was competent upon the ground the court allowed it to be read—as corroborative of Woolwine. But, if a part of it was competent for that purpose, why was not all competent? as it is a matter for the jury to determine whether it did corroborate Woolwine's testimony or not, and if so, to what extent.

But as we understand, the rule admitting depositions

taken between the same parties in another action is not as to whether it is in corroboration of what the same witness has testified to in the action then being tried, but upon the grounds above stated.   If it is only allowable as corroborative evidence, then it could only be competent where the witness had been examined and for the purpose of strengthening what he then said. This is not so.   When it comes within the rule, it is admissible as substantive evidence, and may be introduced whether the deponent has been examined in the case being tried, or not.   It seems only just to the other side that the whole deposition should be read (subject, of course, to proper exceptions noted in the deposition) as there may be something in the deposition that would tend to contradict as well as to corroborate.

The other question is as to the burden of proof.   The defendant claimed title under a deed from the plaintiff, and, for the purpose of making good this defence, introduced a registered deed, in terms conveying the land in controversy from the plaintiff to the defendant.   This deed purported to be signed by the plaintiff and attested by Woolwine, the witness heretofore mentioned, and to have been proved by him for registration.

Woolwine testified that he did not see the plaintiff sign the deed; that it had been signed some time before he saw it, and appeared to be witnessed by two persons who did not write their names but made their marks; that he was called upon by the plaintiff and the defendant to take probate of the deed, and the plaintiff acknowledged the execution of the same before him, and he then wrote thereon these words, "Acknowledged by Jesse Mabe, November 6, 1878—R. J. Woolwine."

While the plaintiff denied this testimony of Woolwine, he contended that, if true, it will not in law amount to

an execution and attestation of the deed, and cited
*Latham* v. *Bowen,* 52 N. C., 337. But *Latham* v. *Bowen*
does not sustain the plaintiff's contention. That case is
put upon the ground that Mrs. Wynn was a married
woman at the time of the acknowledgment; that she
was incompetent to make the conveyance at that time,
and as she was incompetent to make the conveyance
she could not be bound by her acknowledgment of a
deed, made when she was sole.

It is the most common thing for persons to sign deeds
and other instruments and afterwards to acknowledge
their signatures before some one whom they ask to sign
as a witness. We see nothing wrong in this, and no
reason why Woolwine should not have proved its exe-
cution for registration.

On the trial the court among other issues submitted
the following : "Did the plaintiff Mabe execute to the
defendant Smith (who is a party defendant) a deed con-
veying the land described in the complaint?" Upon
this issue the court charged the jury that the registra-
tion of the deed, offered in evidence by the defendant,
was *prima facie* evidence of its due execution; and upon
this evidence alone, their verdict should be "Yes".
There was no error in this instruction. *Love* v. *Harbin,*
87 N. C., 249. The court further instructed the jury
that this presumption might be rebutted and, as the
plaintiff had introduced evidence tending to show that
he did not sign and execute the deed, it was for them to
say how it was. There was no error in this instruction.

But the court further instructed the jury that the bur-
den was still on the defendant. In this there was error.
The probate and registration of the deed created a pre-
sumption in favor of its execution, and this imposed the
burden on the plaintiff to rebut the presumption. *State*

v. *Rogers*, 79 N. C., 609. If this was not so, the defendant would have to offer evidence to sustain a presumption already in his favor. There is error.

New trial.