STATE ET AL. v. D. A. McDONALD.

(Filed 6 April, 1910.)

1. **Bastardy—Civil Nature.**

Under Revisal, sec. 8, a proceeding in bastardy is of a civil character and to enforce a police regulation.

2. **Bastardy—Evidence—Affidavit of Prosecutrix—Paternity—Burden of Issue.**

The affidavit of the prosecutrix formally filed and presented before a justice of the peace in proceedings in bastardy, when offered in evidence by the prosecution on the trial in the Superior Court on appeal, raises the presumption that the defendant was the father of the child, and the burden of rebutting this presumption is on him. Revisal, 255.

3. **Same—"Prima Facie"—Presumptive.**

Proceedings in bastardy are of an anomalous nature, and therefore, though such proceedings are of a civil character, the decisions that the terms *"prima facie"* and "presumptive," when applicable to civil issues, affect only the burden of proof, and not of the issue, are not applicable in proceedings in bastardy; and the affidavit of the prosecutrix, when properly made and presented in evidence, changes the burden of the issue as to defendant's paternity, and places on the defendant the burden of showing to the contrary.

4. Bastardy—Evidence—Change of Rule—Legislative Power — Constitutional Law.

Revisal, sec. 255, making the examination of the prosecutrix in bastardy proceedings, whether taken before a justice or at term, presumptive evidence against the accused, is constitutional and valid, being a change made in the rule of evidence, within the legislative power.

5. Instructions—Term "Satisfy"—Words and Phrases.

Where the principle applies, the terms "must satisfy" and must "satisfy by the preponderance of the evidence" are of equivalent import, and in a charge to the jury, in proper instances, the use of the first-named expression is not reversible error.

6. Bastardy—Paternity—Burden of Issue—State's Evidence—Instructions Erroneous.

When, in bastardy proceedings, under the charge of the court upon the burden of the issue, the jury are instructed, in effect, that the evidence to rebut the presumption of paternity raised by the affidavit of the prosecutrix must come from the defendant, and there is evidence introduced by the State making in defendant's favor, it is reversible error; for both in criminal and civil cases the issue must be determined from all the testimony properly admitted which is relevant to the inquiry.

BROWN, J., concurs in result.

APPEAL from *Lyon, J.,* at October Term, 1909, of ROBESON.
Proceedings in bastardy under the statute, heard on appeal from a justice's court.

The plaintiff filed affidavit in due form as prescribed by the statute appertaining to such cases, and on the hearing before the justice of the peace the issue as to the paternity of the child was found against the defendant. Appeal having been duly taken from the judgment rendered on the trial in the Superior Court, the plaintiff offered in evidence her affidavit which had been formally filed by plaintiff. Defendant, a witness in his own behalf, denied the paternity of the child, and denied that he had ever had intercourse with the prosecutrix, and introduced other evidence tending to contradict that of the prosecutrix and to corroborate his own statement. Prosecutrix was herself examined as a witness, and offered other testimony tending to corroborate the facts contained in her affidavit. In apt time defendant requested the court to charge the jury, "That from all the evidence the State and Mary Shaw must satisfy you by the greater weight of the evidence that D. A. McDonald is the father of the child, or you will answer the issue 'No.'" This prayer was refused.

Among other things, the court charged the jury, "That the affidavit of the prosecutrix is *prima facie* evidence that the defendant is the father of the child, and that the burden is upon

the defendant to rebut the presumption raised by the affidavit, by introducing evidence to satisfy you that he is not the father of the child; and unless the defendant has so satisfied you by the evidence he has introduced in this case, you will answer the issue 'Yes.' "  To this instruction defendant excepted, assigning for error that the charge imposes the burden of the issue on the defendant; that it is erroneous as to the quantum of proof required of defendant, and erroneous in that, so far as the defendant was concerned, the jury was not. permitted to consider evidence offered by the State making in favor of the defendant.

On an issue as to the paternity of the child, there was verdict in favor of the prosecutrix; judgment on the verdict, and defendant excepted and appealed.

*Attorney-General* and *McLean & McLean* for the State.
*McIntyre, Lawrence & Proctor* and *Shaw & Johnson* for defendant.

HOKE, J., after stating the case: It is now established that under our statute on the subject, Revisal 1905, sec. 8, a prosecution of this character is a civil proceeding to enforce a police regulation. *S. v. Addington,* 143 N. C., p. 683; *S. v. Liles,* 134 N. C., p. 735. There was a time, from 1894 to 1904, when the Court held, reversing its former ruling on the subject, that a bastardy proceeding under the statute was in the nature of a criminal prosecution, a position which provoked vigorous protest from two of the Associate Justices, expressed in a strong dissenting opinion of the present Chief Justice, in *S. v. Ostwalt,* 118 N. C., p. 208, and later, as stated, the Court returned to its original construction, holding that the prosecution, while possessing some anomalous features, was a civil proceeding. An informing account of the debates on these differing views will be found in the opinion of the Court in *S. v. Lisle, supra,* the case in which the Court returned to its original position, a decision which was approved and confirmed in *S. v. Addington, supra;* and, as the statute now stands, this may be taken for accepted law.

These cases, too, which uphold the view which now prevails, are also to the effect that where the mother, according to the provisions of the statute, has formally filed her affidavit charging the paternity, this, on the hearing either before the justice's court or in term, shall have the force and effect of changing the burden of the issue as to the paternity of the child, and that on the introduction of the affidavit on the part of the mother, the testimony introduced and relevant must be considered and the question determined according to this ruling. Undoubtedly,

the Legislature has the power to give this artificial weight to the affidavit of the prosecutrix. This has been held under given conditions even in criminal cases. *S. v. Barrett,* 138 N. C., p. 630; *S. v. Dowdy,* 145 N. C., p. 432. In this last case the Court, speaking to the general principle and in reference to the former decision, said: "In *Barrett's case* we have held that the Legislature had the constitutional power to change the rules of evidence and to declare that certain facts and conditions when shown shall constitute *prima facie* evidence of guilt, the limitation being that the facts and conditions should be relevant to the inquiry and tend to prove the fact in issue." And see, on this point, *S. v. Rogers,* 119 N. C., p. 793.

Recurring to the principal question, the section of the statute more especially applicable, Revisal, sec. 255, provides in part as follows:

"255. *Procedure on appeal.* Upon the trial of the issue, whether before the justice or at term, the examination of the woman, taken and returned, shall be presumptive evidence against the person accused, subject to be rebutted by other testimony which may be introduced by the defendant, etc."; and some of the decisions upholding the construction indicated will be found in *S. v. Mitchell,* 119 N. C., 784; *S. v. Cagle,* 114 N. C., 835-839; *S. v. Williams,* 109 N. C., 846; *S. v. Rogers,* 79 N. C., 609; *S. v. Bennett,* 75 N. C., 305.

In *S. v. Mitchell, Avery, J.,* delivering the opinion, said: "The charge that the oath and examination of the mother of the bastard child was *prima facie* evidence of the defendant's guilt was not erroneous. *S. v. Rogers,* 79 N. C., 609; The Code, sec. 32. *Prima facie* evidence is that which is received or continued until the contrary is shown. *Kelly v. Johnson,* 6 Peters (U. S.), 622. It is clear from the terms of the statute (Code, sec. 32) that the word 'presumptive' is used there to define evidence that must be received and treated as true 'till rebutted by other testimony, which may be introduced by the defendant,' and that it is therefore synonymous with *prima facie.* We see no force in the suggestion that there was error in the use of one of the terms rather than the other."

In *S. v. Williams, supra,* the following charge was approved: "In an issue of paternity in a bastardy proceeding the written examination of the mother is presumptive evidence that defendant is the father of the child, and when such written examination is introduced by the State, as in this case, it devolves upon the defendant, by a preponderance of the evidence, to show that he was not the father. Upon the failure of the defendant to so show, by a preponderance of the evidence, that

he is not the father, it is the duty of the jury to convict. If the defendant has satisfied the jury, by a preponderance of the evidence, that he is not the father of the child, then the jury should acquit. If, however, the oral testimony taken together, both for the prosecution and defendant, left the minds of the jury in doubt, then the presumption raised by the written examination would not be rebutted, and the defendant would be guilty."

In *S. v. Rogers,* 79 N. C., *supra,* it was held: "On the trial of an issue of bastardy, the court below charged the jury that 'The written examination of the woman was presumptive evidence that the defendant was the father of the child, and that it devolved on him by a preponderance of the evidence to show that he was not; and that if, taking all the evidence into consideration, both sides were evenly balanced, the State was entitled to a verdict': *Held,* not to be error"; and substantially the same ruling was made in *S. v. Bennett, supra.*

So far as examined, we find nothing in opposition to the principle announced in these decisions, except in the case of *S. v. Rogers,* 119 N. C., 795. In that case the Court, wrestling with some of the perplexities incident to the position then entertained, that bastardy proceedings under the statute being of a criminal nature, to wit, (1) that the artificial weight given to the woman's affidavit violated defendant's constitutional right to be confronted with the witness; (2) that it trenched upon the time-honored principle that guilt in criminal matters could only be established by proof beyond a reasonable doubt: *Held,* that notwithstanding the express provisions of the statute to the contrary, that when the defendant denied the paternity and testified contradicting the plaintiff, the matter then was at large, and defendant's guilt must be established beyond a reasonable doubt. The Court, as heretofore stated, having abandoned this interpretation of the statute and returned to the original ruling that the proceedings were of a civil nature, it would seem that the former construction should prevail, to the effect that when the affidavit of the woman charging paternity on defendant was formally filed and presented, this raised a presumption that the defendant was the father of the child, and the burden of rebutting this presumption was on the defendant.

We are not inadvertent to several of our recent decisions to the effect that in ordinary civil issues the terms *"primâ facie"* and "presumptive," when applicable, have been held to affect the burden of proof only and not the burden of the issue (see cases collected and referred to in *Winslow v. Hardwood Co.,* 147 N. C., 275); but this bastardy proceeding has been said in

frequent cases to be of anomalous nature and we do not think it well to apply such a principle to the construction of this statute and overturn so many repeated and well-considered decisions to the effect that in these cases the affidavit of the woman changes the burden of the issue and places on the defendant the burden of showing the contrary. See, further, *S. v. Patton,* 27 N. C., 180; *S. v. Goode,* 32 N. C., 49.

We are, therefore, of opinion that defendant's prayer for instruction was properly overruled, and the exception to the charge as given on the first ground stated was not well taken.

Nor can the defendant's exception on the second ground as stated by him be sustained, that there was error in charging the jury that the presumption of paternity having been raised by the woman's affidavit, the burden was on the defendant to satisfy the jury to the contrary, the position being that the term "must satisfy" is stronger than the law requires. This proceeding being, as stated, of a civil nature, we have held in several recent cases that the terms "must satisfy" and must "satisfy by the preponderance of the evidence," are of equivalent import, and certainly the distinction suggested will be no longer held for reversible error. *Fraley v. Fraley,* 150 N. C., 504, citing with approval, on this point, the well-considered opinion of *Associate Justice Walker* in *Chaffin v. Manufacturing Co.,* 135 N. C., 95.

We think, however, that the exception to the charge on the third ground noted by defendant must be sustained, to wit, that in meeting the burden placed on defendant by the presumption of law the charge restricts the defendant to the testimony introduced by him. It is accepted doctrine that both in criminal and civil causes the issue must be determined from all the testimony properly admitted which is relevant to the inquiry and whether it comes from plaintiff or defendant. *S. v. Hicks,* 125 N. C., 636; *S. v. Rogers,* 79 N. C., 609; and on the facts presented in restricting the defendant to the evidence tending to exculpate introduced by him, there was reversible error which entitled the defendant to a new trial.

New trial.

BROWN, J., concurs in result.