STATE and EMMA HIATT *v.* W. W. PATTERSON·

It is a well settled rule that a witness cannot be cross-examined as to·
any.fact which is collateral and irrelevant to the issue, merely for the·
purpose of contradicting him. if he should deny it, thereby to dis-·
credit his testimony; and if a qu stion is put to a witness which is.
collateral and irrelevant to the issue, his answer cannot be contra-·
dicted, but is conclusive against the party asking such question..

*Therefore,* where upon the trial of a proceeding in bastardy, upon the·
cross examination, the defendant asked the prosecutrix if she had·
ever had sexual intercourse with A, to which she replied that she had·
not: *It was held,* That the question was collateral and irrelevant, and·
the answer of the prosecutrix was conclusive upon the defendant;
and that there was *no error* in the ruling of the court below, in ex-·
cluding the testimony of A, in contradiction thereof.

(*State* v. *Patterson,* 2 Ired. 246; *Clark* v. *Clark* 65 N. C. Rep. 155, cited.
and approved.)

This was PROCEEDING IN BASTARDY, tried before *Kerr, J.*
at December Term, 1875, of the Superior Court of GUILFORD·
county.

The facts of the case are stated in the opinion of the court..
There was a verdict of guilty, and the defendant appealed..

*Mendenhall & Staples,* for the defendant.
*Attorney General Hargrove* and *J. T. Morehead,* for the·
State.

BYNUM, J.  Upon her cross examination by the defendant, the prosecutrix denied that she ever had sexual intercourse with Madison Hiatt.  Madison was afterwards introduced and testified that about four years before the child was begotten, and when he was a lad of eleven years of age, he had such intercourse with the prosecutrix.  The issue was whether Patterson was the father of the child, and it was wholly collateral to this issue, what had transpired four years before between the prosecutrix and the witness.  The rule of evidence is thus stated in 1 Greenleaf, sec. 449: "But it is a well settled rule, that a witness cannot be cross examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony.  And if a question is put to a witness which is collateral and irrelevant to the issue, his answer cannot be contradicted, but is conclusive against him."

So in the *State* v. *Patterson*, 2 Ired., 346, where a witness on his cross examination was asked whether the prosecutor had not paid him for coming from another State to be a witness, and he answered that he had not, it was held to be incompetent for the defendant to introduce witnesses to prove his declarations, that he had been so paid.  *Clark* v. *Clark*, 65 N. C. Rep., 155.

It was, therefore conclusive upon the defendant, when the prosecutrix denied having had sexual intercourse with the witness, and the court should not have allowed the testimony of Madison Hiatt.  If the prosecutrix had sworn falsely in answer to this collateral matter, it would not have been perjury. 1 Greenleaf, sec. 448

Had the testimony of Madison Hiatt been competent, the remarks upon it by his Honor, would have constituted error, for however improbable or unreasonable the story, its credibility was for the jury alone.  But as it was incompetent, the defendant has received no prejudice thereby.

The other exceptions of the defendant were not much pressed, and are untenable.

There is no error.

PER CURIAM.                    Judgment affirmed.