STATE *v.* ARNOLD PARISH.

*Bastardy—Evidence.*

On trial of a bastardy proceeding, evidence (by itself and unconnected
with any fact tending to disprove the charge against the defendant)
that the prosecutrix had sexual intercourse with persons other than
the defendant about the time the child was begotten, is not sufficient
to rebut the statutory presumption created by the oath of the woman,
and is incompetent.   And where, upon examination, the prosecutrix
denies such intercourse, the matter being collateral, her answer is con-
clusive, and it is not error to reject the evidence when offered to im-
peach her credit.   (Justices of the peace now have exclusive jurisdic-
tion in such cases, under the act of 1879, ch. 92.)

(*State* v. *Bennett,* 75 N. C., 305; *State* v. *Britt,* 78 N. C., 439; *State* v. *Pat
terson,* 74 N. C., 157, cited and approved.)

PROCEEDING in Bastardy, tried at Spring Term, 1880, of
JOHNSTON Superior Court, before *Eure, J.*

Upon the trial of the issue the mother of the child was in-
troduced as a witness for the state and testified as to the pa-

ternity of the child and the time when it was begotten by the defendant. She was asked if she had not been before criminally intimate with several men whose names were mentioned, and especially with one Tom Carroll about and just before the time stated when the child was begotten. These questions were answered in the negative, and the defendant's counsel proposed to prove the sexual intercourse with these persons, and more particularly with Carroll, which had been denied. The testimony was rejected and the exception to this ruling is the only point presented in the appeal of defendant.

*Attorney General,* for the State.
*Mr. T. M. Argo,* for defendant.

SMITH, C. J. We sustain the correctness of the ruling of the court. Such testimony by itself and unconnected with evidence of the defendant's non-intercourse during the interval necessary to his being the father, or other fact tending to disprove the charge, was held to be insufficient to overcome the statutory presumption, and by itself incompetent when offered for that purpose, in the case of the *State* v. *Bennett,* 75 N. C., 305, and *State* v. *Britt,* 78 N. C., 439, and when offered to impeach the credit of the witness, the matter of the enquiry was held to be collateral and her answer conclusive. *State* v. *Patterson,* 74 N. C., 157.

The jurisdiction in bastardy proceedings is vested by a recent statute (acts 1879, ch. 92,) exclusively in a justice of the peace, except as to such as were pending at the time of its passage in the superior, criminal, or inferior courts as in the present case.

There is no error and this will be certified to the court below.

PER CURIAM.                                No error.