The only exception taken at the time was as to the ruling of the court on a question as to the admissibility of evidence. *Page 554 
(811) The State introduced one Yoder as a witness, who testified to facts tending to prove the guilt of the defendants.
On the cross-examination of said witness he was asked if he had written a letter making a false charge against a young man, with a view to prevent him from obtaining a position as a schoolteacher. The witness said he had not written such a letter.
Afterwards, the defendants introduced one Dr. Clapp, who testified that the general character of said witness (Yoder) was not good. After cross-examination by the solicitor, the defendant proposed to ask the witness if there was not a general report that the witness Yoder had written a letter against a young man (being the letter alluded to on cross-examination of yoder). The solicitor objected; objection sustained, and the evidence excluded. Defendants excepted. There was a verdict of guilty. Judgment, and appeal by defendants.
The question put to the witness was collateral, and his answer conclusive. S. v. Patterson, 74 N.C. 157. Even if the answer had not been conclusive, it could not have been contradicted by general report.
There is nothing whatever in the appeal.
No error.
Cited: S. v. Castle, 133 N.C. 776.
(812)