STATE *v.* HAWN.

<hr />

## THE STATE v. JAMES HAWN and HARRIET POPE.

*Evidence— Witness— Character.*

1. The answer of a witness to a question in reference to a collateral matter, put to him with a purpose to attack his credibility, is conclusive.

2. Nor can the character of a witness be attacked by evidence that there was a general report that he was guilty of a particular offence.

This was an Indictment against the defendants for Fornication and Adultery, tried at Fall Term, 1889, of CATAWBA Superior Court, before *Shipp, J.*

The only exception taken at the time was as to the ruling of the Court on a question as to the admissibility of evidence.

The State introduced one Yoder as a witness, who testified to facts tending to prove the guilt of the defendants.

On the cross-examination of said witness he was asked if he had written a letter making a false charge against a young man, with a view to prevent him from obtaining a position as a school teacher. The witness said he had not written such a letter.

Afterwards, the defendants introduced one Dr. Clapp, who testified that the general character of said witness (Yoder) was not good. After cross-examination by the Solicitor, the defendant proposed to ask the witness if there was not a general report that the witness Yoder had written a letter against a young man (being the letter alluded to on cross-examination of Yoder). The Solicitor objected; objection sustained, and the evidence excluded. Defendants excepted. There was a verdict of guilty. Judgment, and appeal by defendants.

*The Attorney General*, for the State.
No counsel for defendants.

SHEPHERD, J.: The question put to the witness was collateral, and his answer conclusive. *State* v. *Patterson*, 74 N. C., 157. Even if the answer had not been conclusive, it could not have been contradicted by general report.

There is nothing whatever in the appeal.

Affirmed.