## STATE v. PAYNE PERKINS.

*Indictment for Bastardy—Pauper Appeal—Affidavit— Evidence Impeaching Prosecuting Witness on Collateral Matter.*

1. It is not necessary that an affidavit to obtain leave to appeal as a pauper, (*Code*, section 1235) should state the name of the counsel by whom the applicant is advised that he has reasonable grounds for appeal.

2. Where, on the trial of an indictment for bastardy, the prosecuting witness testified that the defendant was the father of the child which the defendant denied, and on cross-examination she testified that she had never had intercourse with any other man, the fact thus brought out was a collateral matter and, hence, evidence offered by defendant that she had intercourse with other men, at or about the time she testified the child was begotten, was inadmissible to impeach her.

INDICTMENT for bastardy, tried before *Coble, J.,* at Spring Term, 1895, of PITT Superior Court. The defendant was convicted and appealed as a pauper. In this

Court the Attorney-General made a motion to dismiss the appeal upon the ground that the affidavit upon which the application to appeal as a pauper was based, was insufficient in that it did not state the name of the counsel who advised that he had reasonable ground of appeal. The motion was refused. The facts of the case and the exception upon which the appeal is based are stated in the opinion of Associate Justice FURCHES.

*The Attorney General*, for the State.
*Messrs. Argo & Snow*, for defendant.

FURCHES, J.: This is an indictment for bastardy, and appeal by defendant as a pauper, under Section 1235, of *The Code.*

Upon the call of the case the Attorney General moved to dismiss the appeal upon the ground that the affidavit upon which the appeal was granted was insufficient. But upon examining the affidavit we find it complies with the requirement of the Statute—"that he is wholly unable to give security for the cost, and is advised by counsel that he has reasonable cause for the appeal prayed and that the application is in good faith."

But it was contended that this Court had added another requisite to those contained in the statute, which the Court should respect as a rule of practice. That in addition to the requirements contained in the statute, the Court had held that it was necessary that the affidavit should state the name of the counsel who gave the advice that defendant "has a reasonable cause for the appeal prayed."

But, upon examination, we fail to find that the Court has made any such decision. In *State* v. *Divine*, 69 N. C., 390, and *State* v. *Moore*, 93 N. C., 502, the Court suggest that it would be proper to state in the affidavit the name of the attorney that gave the advice, but both these are

but suggestions of the Court and do not amount to an *obiter*. The Court in both cases decided the affidavits insufficient for the reason that they did not comply with the terms of the statute and not for the reason that the attorney was not named. And this suggestion of the Court is not noticed in the head notes of either case, nor can we find that it is noticed in any of the digests. Therefore, we do not feel called upon to follow these suggestions as putting a construction on the statute ; and, treating it as an original question, we are of the opinion that the affidavit is sufficient and the motion to dismiss the appeal is refused.

This brings us to a consideration of the question involved in the appeal. The prosecuting witness, upon her cross examination, testified that she had never had sexual intercourse with any one but defendant. The defendant was examined and testified that he had never had intercourse with prosecutrix but once and that was in December, 1892.

The defendant then offered to contradict the prosecuting witness by proving that she had sexual intercourse with other men about the time when the prosecutrix said the child was begotten. This was objected to and excluded by the court.

The issue was whether the defendant was the father of the child. The prosecutrix swore he was and defendant swore he was not. But on cross examination she swore she had never had intercourse with any other man, but defendant. Defendant then offered to *contradict* the prosecutrix by showing that other men had intercourse with her about the time she said the child was begotten. This testimony, that she had never had intercourse with any other man, was called out by defendant on cross examination. It was collateral to the issue before the court and defendant was bound by it. The evidence was

offered for the purpose of *contradicting* the prosecuting witness.    This he could not do on a collateral matter that he had called out.    *State* v. *Parrish*, 83 N. C., 613.    In this case defendant offered to prove that Tom Carroll and others had sexual intercourse with prosecutrix about and just before the child was begotten, and this was held to be incompetent.    This opinion is supported by *State* v. *Bennett*, 75 N. C., 305 ; *State* v. *Patterson*, 74 N. C., 157.

But our decisions are not in harmony as to the competency of such evidence as that offered by the defendant and ruled out by the court ; but, leave out of this case the fact that defendant testified that he was not the father, and we have almost the exact case of *State* v. *Parrish*, 83 N. C., 613, in which case the Court ruled that such evidence offered for the purpose of impeaching the prosecuting witness upon a collateral issue, was incompetent.    But in the case of *State* v. *Britt*, 78 N. C., 439, where the defendant swore that he was not the father, the court held that this impeaching evidence was competent.    We fail to see the logic of this distinction that because the defendant testified he was not the father would make testimony, not offered to corroborate the defendant but to impeach the prosecuting witness, competent, that before was incompetent. The learned Chief Justice, who delivered this opinion, says the evidence that other men had intercourse would not be sufficient to overcome her testimony without other testimony.    This, it seems to us, could not make evidence which was incompetent, competent.    But as this is the latest expression of the Court on this subject and as we do not wish to overrule the court on such a matter as this, we must say there was error and a new trial is ordered.

Error.