STATE AND LUVIDA CANNON v. JASPER WARREN.

(Decided March 21, 1899).

*Bastardy Proceeding—Evidence.*

On the trial of an issue of paternity, whatever tends to prove or to dis- prove the affirmative of the issue is competent evidence for the jury. Where the defendant offers to prove that another man had inter- course with the prosecutrix, at the time when by the course of nature the child must have been begotten. this evidence bears di- rectly upon the issue, and ought to be admitted.

ISSUE OF PATERNITY, in a bastardy proceeding, tried before *Robinson, J.,* at October Term, 1898, of SAMPSON Superior Court.

The prosecutrix testified, that the defendant was the father of her child, which was born June 2, 1898, and that it was begotten about August 22, 1897; that she never had connec- tion with any other man than Zilla Blackman, the father of a former child, now dead—and the defendant.

Warren, the defendant, testified, that he had connection with prosecutrix about July 1 and October 15, 1897, but never during the months of August and September, 1897. On his cross examination he admitted he had connection with her as many as twelve times.

The defendant offered Lovett Baggett as a witness, and asked him, if he, Baggett, had connection with prosecutrix on or about August 22, 1897, and frequently during the months of August and September, 1897. State objected; objection sustained, defendant excepted.

Martin Gainy, witness for defendant testified, that in the Fall of 1897, the prosecutrix told him that Lovett Baggett was the father of her child.

The defendant then insisted that he was entitled to prove by Lovett Baggett his acts of intercourse with the prosecutrix, just previously ruled out, in corroboration of the witness, Gainey. His Honor declined to permit this, and defendant excepted.

Verdict of guilty. Judgment and appeal.

*Mr. F. R. Cooper,* for defendant (appellant).
*Mr. Zeb. V. Walser,* Attorney General, for the State.

FURCHES, J. This is a proceeding in bastardy involving the paternity of the child. The mother testified that the defendant was the father, while the defendant testified that he was not. The mother upon her cross examination testified that she never had criminal intercourse with any one but the defendant, and one Blackman, who was the father of a former child but not of this one. The defendant then offered to prove by Baggett that he had sexual intercourse with the mother, the prosecuting witness, about the time she says the child was begotten, and about the time when it must have been begotten according to the law of gestation. This evidence, upon the objection of the State, was ruled out and the defendant excepted.

The only issue presented was as to whether the defendant was the father of the child. This was to be found by the jury, but only upon competent evidence. This question has been before the Court several times, and the opinions do not seem to be in entire harmony, as is said in *State v. Perkins,* 117 N. C., 698.

In *State v. Patterson,* 74 N. C., 157, it is held that where the prosecuting witness had testified upon cross examination (as in this case) that evidence offered to show that she had had sexual intercourse with another person, for the purpose

of contradicting the prosecutrix, was incompetent and properly excluded. This decision is put uopn the ground that her answer was called out by the defendant; was collateral to the issue, and the defendant was bound by it. This opinion is approved by .the Court and followed in *State v. Parrish,* 83 N. C., 613. In*State v. Bennett,* 75 N. C., 305, the exact point is presented and the opinion of the Court in that case sustains the ruling of the Court below in this case.

In *State v. Britt* 78 N. C., 439, the same question was substantially presented that was presented in *State v. Bennett.* But the Court undertakes to distinguish Britt's case from Bennett's case, and holds that the evidence was competent. Whether this distinction is very clearly drawn or not, this holding of the Court that the evidence was competent has since been followed in the case of *State v. Perkins,* 117 N. C., 698. These cases are the latest expressions of the Court upon the question involved, and, if they are adhered to, there was error in ruling out this evidence.

It seems to us upon a review of the cases and the "reason of the thing, that this evidence was competent and should have been admitted.

It was incompetent for the purpose of contradicting the prosecutrix, as was held in Patterson's case, *supra.* It was incompetent as corroborative evidence of the defendant, or of Martin Gainey, as there was no connection between what defendant swore and what Gainey swore and the fact as to whether Baggett ever had intercourse with the prosecutrix or not. To corroborate is to give strength to the testimony of the witness corroborated. Such evidence as that offered may tend to prove the issue, as we think, but it does not give strength to the testimony of defendant or of Baggett. Corroborative evidence is always secondary and is never primary.

But the issue is the paternity of the child, and whatever

tends to prove or to disprove the affirmative of this issue is competent. It would not be competent to show that the prosecutrix, years before the birth of the child, had intercourse with some one else. Nor would it have been competent to prove that the prosecutrix at some other time had such intercourse, when it was apparent from the laws of nature that the child could not be the result of such intercourse. This would be incompetent because it did not tend to prove or disprove the affirmative of the issue. To admit such evidence would only be to allow the defendant to attack the character of the prosecutrix in a way not allowed by law.

But it seems to us that when the defendant offered to prove that another man had intercourse with the prosecutrix, at the time when by the course of nature the child must have been begotten, this evidence bears directly upon the issue and is competent. It is true that it may not establish the negative of the issue, but in our opinion it tends to do so, and that the jury ought to have the right to consider it. It is common on the trial of such issues to allow the child to be exhibited to the jury. *State v. Woodruff,* 67 N. C., 89. This is done by the State, when it is thought it favors the defendant, and by the defendant when he thinks it favors some one else. And if it is competent to offer the baby as evidence to prove that some one else is the father, why it is not competent to offer the father to show that he is its father. Suppose the mother is a white woman and the defendant is a white man, and the defendant offers a colored man to show that he is the father, that is, to show that he had intercourse with the prosecutrix at the time when the child must have been begotten by some one, and the evidence is objected to and ruled out; the defendant then produces the baby and it is a mulatto (*Warlick v. White,* 76 N. C., 175); this is competent, and why not the father? It is true this evidence would differ in

its weight—the evidence of a colored child would be stronger (conclusive) while the other might not satisfy the jury, because the evidence might not be true, and, if true, yet the defendant be the father.    But still it seems to us that it is such evidence as the jury should be allowed to consider.

It seems to us there is an analogy between the cases supposed, and this case, that tends to sustain the competency of the evidence rejected.

There was a motion in arrest of judgment, but this can not be sustained.    Error.

New trial.