Levi v. Justice and Searcy v. Justice

ANNETTE SEARCY LEVI v. GEORGE GIFFEN JUSTICE

GEORGE GIFFEN SEARCY BY HIS GUARDIAN AD LITEM, GREGORY W. SCHIRO v. GEORGE GIFFEN JUSTICE

No. 7521DC302

(Filed 19 November 1975)

1. Bastards § 5— paternity action — admissions of intercourse with other men — tape recording

In an action by the mother of an illegitimate child to establish paternity of the child, testimony by two witnesses as to statements made by plaintiff admitting she had had sexual intercourse with other men during a period when the child could have been conceived and a tape recording of a conversation between plaintiff and defendant in which plaintiff admitted she had had sexual intercourse with other men during such time were properly admitted as admissions by plaintiff; the trial court's instruction that the jury could consider such evidence only for the purpose of determining the credibility of plaintiff as a witness was error favorable to plaintiff and she cannot complain thereof.

2. Criminal Law § 70— admissibility of tape recordings

Sound recordings, if relating to otherwise competent evidence, are admissible providing a proper foundation is laid for their admission.

3. Criminal Law § 70— tape recording — foundation for admission

A proper foundation was laid for the admission of a tape recording where the person who made the recording testified as to the manner in which it was made, identified the reel and tape presented at the trial, testified that he knew the voice of the persons on the tape, that he heard all of the conversation between them, that the conversation was produced on the tape, and that nothing was left out, and possession of the tape was accounted for from the time it was made until the time of trial.

4. Criminal Law § 70— tape recording — instructions on installation of recorder

Testimony by defendant that he "got a man that runs a sound and record shop in Hendersonville" to instruct him how to install a

tape recorder in his automobile that was used to record a conversation between plaintiff and defendant did not violate the hearsay rule and was competent.

**5. Criminal Law § 70— tape recording — difficulty in hearing at prior trial**

The trial court did not commit prejudicial error in the exclusion of testimony by a court reporter that a tape was difficult to hear and understand when it was played at a previous trial since testimony as to whether the tape was more or less audible to a witness who heard it under other circumstances when played on different equipment on a prior occasion would have only limited probative value on the question of authenticity of the tape, and since the record reveals that plaintiffs were given ample opportunity prior to trial to investigate fully as to the authenticity of the tape and as to whether it may have been in any way altered.

APPEAL by plaintiffs from *Leonard, Judge.* Judgment entered 23 November 1974 in District Court, FORSYTH County. Heard in the Court of Appeals 25 August 1975.

These consolidated civil actions were brought under G.S. Ch. 49, Art. 3, by the mother of an illegitimate child and by the child through his guardian ad litem to establish the paternity of the child. The child was born on 26 August 1964 to the plaintiff, Annette Searcy Levi, and plaintiffs alleged that defendant is the father. A first trial resulted in verdict that defendant is the father. On appeal, a new trial was ordered for errors in the charge. *Searcy v. Justice* and *Levi v. Justice,* 20 N.C. App. 559, 202 S.E. 2d 314 (1974), *cert. denied,* 285 N.C. 235, 204 S.E. 2d 25 (1974).

On the new trial, plaintiffs offered evidence to show that the child's mother, then Annette Searcy, did not have sexual intercourse with anyone other than defendant from October 1963 until 1970, that defendant paid her hospital bill and gave her money, and that defendant treated the child as his until Annette Searcy's marriage to Vincent Levi in December 1970. Defendant admitted having had sexual intercourse with the child's mother in late 1963 but denied that he had ever acknowledged paternity of the child. He presented evidence to show that the child's mother had sexual intercourse with other men during the latter part of 1963. Over plaintiffs' objections, the court admitted into evidence a tape recording offered by defendant of a conversation between defendant and Annette Searcy (now Levi) which took place in January 1964. In this conversation Annette Searcy admitted having had sexual intercourse with five other men. Other evidence will be referred to in the opinion.

The jury returned verdict finding defendant was not the father of the child, and from judgment dismissing the actions, plaintiffs appealed.

*Randolph and Randolph by Clyde C. Randolph, Jr. for plaintiff appellant.*

*Eugene H. Phillips for defendant appellee.*

PARKER, Judge.

[1] Plaintiffs assign error to admission in evidence over their objections of testimony of defendant's witnesses Case and Smith, and the admission in evidence of the tape recording, all of which concerned statements made by plaintiff Annette Searcy (now Levi), mother of the child whose paternity is here at issue, in January 1964 in which she admitted having had sexual intercourse with other men. There was no error in admitting evidence concerning these statements. Contrary to plaintiffs' contention, the statements attributed to Annette Searcy concerned acts of intercourse which the jury could legitimately find from the evidence occurred during a period when the child could have been conceived. Plaintiffs' contention that the central inquiry here is not what Annette Searcy said but she actually did is, of course, correct. However, in this instance evidence of what she said she had done was clearly admissible to prove what she had actually done. She is a party to this action, and the statements attributed to her were admissible as admissions. 2 Stansbury's N. C. Evidence (Brandis Revision), § 167. Moreover, that on cross-examination she denied having made the statements did not preclude defendant from offering evidence that she did make them. Defendant's evidence was not offered or admissible merely for the purpose of contradicting plaintiff Annette Searcy Levi's testimony but as substantive evidence relevant to the central issue in this case. The trial judge's instruction to the jury that they could consider the challenged evidence only for the purpose of determining the credibility of Annette Searcy Levi as a witness was an error against defendant and favorable to plaintiffs for which they cannot complain.

[2, 3] The tape recording as such was also properly admitted in evidence. Sound recordings, if relating to otherwise competent evidence, are admissible providing a proper foundation is laid for their admission. *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971) ; *Searcy v. Justice* and *Levi v. Justice, supra;* see Annot., 58 A.L.R. 2d 1024. Before the tape recording was ad-

mitted into evidence in the present case, defendant presented the testimony of his witness, Clifford Case, who made the recording, concerning the manner in which it was made. Case testified that at defendant's request in January 1964 he hid in the trunk of defendant's car where he operated a tape recording machine on which he recorded a conversation between defendant and Annette Searcy, who were seated in the front seat of the car. Case identified the reel and the tape presented at the trial as the reel and tape which he used to record the conversation. He also testified that he knew the voices of defendant and Annette Searcy, that he heard all of the conversation between them, that the conversation was reproduced on the tape, and that nothing was left out. Evidence was also presented to show that after the recording was made in 1964, the tape remained in defendant's possession until he was first charged in this case in 1971, when he delivered it to the attorney who then represented him in Hendersonville, N. C. The record on appeal contains the stipulation signed by counsel for plaintiffs and defendant that the tape recording offered in evidence by defendant at the trial is the same tape recording delivered to defendant's present counsel by his former attorney, that the tape recording was continually in the custody of the present counsel from the time of its delivery to him until the trial, that no alterations or additions were made to the tape subsequent to its delivery to defendant's present counsel, and that these matters were stipulated by plaintiffs' counsel upon *voir dire* prior to the time the tape was offered into evidence. We hold that a proper foundation was laid for admission of the tape recording in evidence and that it was properly admitted in evidence.

[4] While testifying as to the arrangements he had made in January 1964 to get a tape recorder and have the conversation recorded, defendant was asked by his counsel if he got "some expert help on it," to which he replied, "Yes, sir, from this sound technician." Plaintiffs' counsel moved to strike, and the court ruled, "As to expert, strike that." Defendant was then asked by his counsel if he had consulted "someone in the electronics field about it," to which he replied that he "got a man that runs a sound and record shop in Hendersonville to instruct us on how to install it after we got the power converter." Plaintiffs' counsel moved to strike, "particularly as to the instruction which is hearsay." The rulings of the court relative to this testimony form the basis of plaintiffs' third assignment of

error. In these rulings we find no error. The court allowed plaintiffs' motion to strike the reference to the sound technician "as an expert," and it was entirely competent for defendant to testify that he "got a man that runs a sound and record shop in Hendersonville" to instruct him how to install the recording machine. The rule excluding hearsay evidence was in no way involved.

[5] Plaintiffs called as a witness the court reporter who served at the first trial for the purpose of presenting her testimony that when the tape was played at a *voir dire* hearing on the previous trial, it was difficult to hear and she was able to understand "only a word every now and then." On defendant's objection the court excluded this testimony, to which ruling the plaintiffs now assign error. In this ruling we find no prejudicial error. The excluded evidence was relevant only on a question as to the authenticity of the tape. Even on that question it had only limited probative value, since whether the tape was more or less audible to a particular witness who heard it under other circumstances when played on different equipment on some prior occasion would not be determinative. Furthermore, the record reveals that plaintiffs here were given ample opportunity prior to trial to investigate fully as to the authenticity of the tape and as to whether it may have been in any way altered. Prior to the second trial, counsel for the parties met with the judge in chambers for the purpose of listening to the tape so that the court might make a determination as to whether it was of sufficient quality to be heard and understood by the jury. Following that meeting, plaintiffs moved to require that defendant permit the tape to be examined by an electronics expert of plaintiffs' choosing. Though no formal order was entered, at the court's suggestion defense counsel agreed that the tape might be so examined by plaintiffs' expert, subject to the case being continued if the expert concluded that the tape had been tampered with or was not the same. Plaintiffs' counsel later stated during the trial that "plaintiffs had decided not to have the tape examined by an electronic expert because the matters had already been the subject of numerous continuances and plaintiffs desired to have the case heard." Under these circumstances we find no prejudicial error in the court's ruling excluding the court reporter's testimony as to what she could hear when the tape was played during the course of the prior trial.

We have examined appellants' remaining assignments of error, and in the trial find

No error.

Chief Judge BROCK and Judge ARNOLD concur.