STATE OF NORTH CAROLINA, DAN MILES, CHILD SUPPORT ENFORCEMENT OFFICER, EX REL. v. OSIE FARMER, JR.

No. 826DC946

(Filed 19 July 1983)

1. **Bastards § 5— questions concerning relationship with other man properly excluded**

In a paternity action, it was not prejudicial error for the trial court to sustain plaintiff's objections to defendant's questions concerning the length of time the mother and another man had been dating, how many times she had had sexual intercourse with the other man, and where the other man lived since relevant information as to the mother's relationship with the other man was adequately elicited by defendant's other questions.

2. **Bastards § 5— questions concerning incubators after birth properly sustained**

The trial court properly sustained plaintiff's objections to defendant's question to the mother in a paternity action concerning whether the twins had been placed in incubators after birth.

3. **Bastards § 5— relevancy of AFDC payments**

Where the amount of AFDC payments made by the Department of Social Services attributable to each twin was irrelevant to any of the four issues submitted to the jury in a paternity action, the trial court properly excluded testimony concerning it.

APPEAL by defendant from *Williford, Judge.* Judgment entered 21 April 1982 in District Court, BERTIE County. Heard in the Court of Appeals 10 June 1983.

Plaintiff filed a complaint for support on 8 May 1979, alleging that defendant was the natural father of twins born to Sharon Yvonne Outlaw on 18 September 1978 and that defendant owed the State of North Carolina for AFDC (Aid to Families with Dependent Children) payments made to Ms. Outlaw for the support of those two children. Defendant answered, denying that he was the father and responsible for support of the two children. At trial, the jury answered issues finding defendant to be the father

of the twins born to Ms. Outlaw on 18 September 1978 and finding that defendant had failed to repay the AFDC funds which Ms. Outlaw had received as support for the twins. From a judgment entered pursuant to the jury verdict, defendant appealed.

*Gillam, Gillam & Smith, by Lloyd C. Smith, Jr. and Roswald B. Daly, Jr., for plaintiff-appellee.*

*Law Firm of Carter W. Jones, by Carter W. Jones, Kevin M. Leahy and Charles A. Moore, for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial court's exclusion of testimony concerning 1) Sharon Outlaw's relationship with Earl Jones, 2) the babies' period of incubation after birth, 3) the separate amount each of Ms. Outlaw's children were receiving in AFDC support, and 4) the reason for an earlier default judgment against defendant having been set aside. If the excluded testimony above had no logical tendency to prove the facts in issue, i.e., that defendant was the natural father of the twins and that Ms. Outlaw had been receiving AFDC payments for their support, then the evidence defendant sought to introduce was inadmissible. *See* 1 *Brandis on North Carolina Evidence* § 77 (2d rev. ed. 1982).

[1]  We first reject defendant's contention that he was prejudiced by the exclusion of testimony concerning Ms. Outlaw's relationship with Earl Jones. On this point we note that

It would not be competent to show that the prosecutrix, years before the birth of the child, had intercourse with someone else. Nor would it have been competent to prove that the prosecutrix at some other time had such intercourse, when it was apparent from the laws of nature that the child could not be the result of such intercourse. This would be incompetent because it did not tend to prove or disprove the affirmative of the issue. To admit such evidence would only be to allow the defendant to attack the character of the prosecutrix in a way not allowed by law.

But it seems to us that when the defendant offered to prove that another man had intercourse with the prosecutrix at the time when by the course of nature the child must have

been begotten, this evidence bears directly upon the issue and is competent.

*State v. Warren,* 124 N.C. 807, 810, 32 S.E. 552, 553 (1899); see also *Levi v. Justice and Searcy v. Justice,* 27 N.C. App. 511, 219 S.E. 2d 518 (1975).

Defendant was permitted to ask Ms. Outlaw who she had had sexual intercourse with in November 1977, to which she answered "Earl Jones." Defendant was also permitted to ask Ms. Outlaw if she had sexual intercourse with Earl Jones in December 1977, to which she responded in the negative. Defendant was allowed to question her as to the last time she saw Earl Jones, to which she responded "Before Thanksgiving—November, 1977." It was not prejudicial error for the trial court to sustain plaintiff's objections to defendant's questions concerning the length of time Ms. Outlaw and Mr. Jones had been dating, how many times she had had sexual intercourse with Mr. Jones, and where Mr. Jones lived. The relevant information as to Ms. Outlaw's relationship with Mr. Jones was adequately elicited by defendant's other questions. No competent evidence would have been elicited by the questions to which the court sustained objections.

[2]   The trial court also sustained plaintiff's objections to defendant's question to Ms. Outlaw concerning whether the twins had been placed in incubators after birth. Assuming *arguendo* that that testimony would have been relevant to the issue of whether defendant was the natural father, we find no merit to defendant's assertion that the court committed prejudicial error when it ruled Ms. Outlaw's response inadmissible. Her answer upon *voir dire* indicated that the children had been incubated at birth, supporting earlier admitted testimony that the twins were a little less than one month premature.

[3]   During the testimony of an employee of the Bertie County Department of Social Services, defendant attempted to elicit information as to what portion of the $192.00 monthly AFDC payment received by Ms. Outlaw went to the support of each of her three children. While the jury was asked to determine whether Ms. Outlaw had received any AFDC funds from the State of North Carolina attributable to the support needs of the twins, they were not requested to find the total amount Ms. Outlaw was receiving, nor the AFDC amount attributable to each child. The

amount attributable to each child was irrelevant to any of the four issues submitted to the jury. Since the evidence was irrelevant to the issues raised, that testimony was properly excluded.

Finally, defendant objected to the court's exclusion of testimony explaining why a default judgment entered against defendant had been set aside. The court had allowed the same witness to testify, on direct, that a default judgment had been entered after defendant failed to timely file an answer to plaintiff's complaint. This assignment is without merit. The defendant's case could not have been prejudiced by the exclusion of that testimony.

In the trial below we find

No error.

Judges WHICHARD and JOHNSON concur.