STATE OF NORTH CAROLINA, DAN MILES, CHILD SUPPORT ENFORCEMENT OF-
FICER, EX REL. v. RICHARD RANKINS

No. 826DC948

(Filed 6 September 1983)

1. **Bastards § 10— paternity action by State—mother's testimony as to sexual in-
tercourse with another**
    In a paternity action instituted by the State to recover AFDC payments
    made for the support of the child, testimony by the mother that she had sexual
    intercourse with a man other than defendant eight months before the child
    was born should have been admitted on the issue of paternity and to con-
    tradict the mother's testimony that she had sexual intercourse only with
    defendant during the time in which the child could have been conceived.

2. **Bastards § 10— paternity action by State—effect upon AFDC payments**
    In a paternity action instituted by the State, the trial court erred in allow-
    ing a child support enforcement officer to testify that the outcome of the case
    would have no effect upon the mother's AFDC payments for support of the
    child.

APPEAL by defendant from *Williford, Judge.* Judgment
entered 22 April 1982 in District Court, BERTIE County. Heard in
the Court of Appeals 10 June 1983.

Plaintiff filed a complaint for support alleging that defendant
was the father of a child born to Mary Palmer Holley on 28 Oc-
tober 1970, and that defendant owed the State of North Carolina
for Aid to Families with Dependent Children (AFDC) payments
made to Ms. Holley for the support of that child. Defendant an-
swered, denying that he was the child's father and responsible for
the child's support.

Plaintiff presented evidence tending to show that Ms. Holley
had sexual intercourse with defendant every weekend from late
1969 to March 1970. Ms. Holley testified that she did not have
sexual intercourse with anyone other than defendant in January
or February 1970. The child was born 28 October 1970. Defendant
gave the child money on two occasions for shoes and school sup-
plies and gave Ms. Holley $5.00 to take the child to the doctor
once. She had received AFDC payments for the support of her
child.

Defendant denied that he had ever had sexual relations with Ms. Holley, that he was the father of the child, and that he had given the child and Ms. Holley any money.

The jury found that defendant was the father of the child born to Ms. Holley, and that he had failed to repay the AFDC funds which Ms. Holley had received as support for the child. From judgment entered pursuant to the jury verdict, defendant appealed.

*Gillam, Gillam, and Smith, by Lloyd C. Smith, Jr., and Roswald B. Daly, Jr., for plaintiff appellee.*

*Law Firm of Carter W. Jones, by Carter W. Jones, Kevin M. Leahy, and Charles A. Moore, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant contends that the court erred in excluding testimony by Ms. Holley that she had sexual intercourse with a man other than defendant eight months before the birth of the child. We agree. As the Supreme Court aptly stated in 1899:

> [T]he issue is the paternity of the child, and whatever tends to prove or disprove the affirmative of this issue is competent. It would not be competent to show that the prosecutrix, years before the birth of the child, had intercourse with someone else. Nor would it have been competent to prove that the prosecutrix at some other time had such intercourse, when it was apparent from the laws of nature that the child could not be the result of such intercourse. This would be incompetent because it did not tend to prove or disprove the affirmative of the issue. To admit such evidence would only be to allow the defendant to attack the character of the prosecutrix in a way not allowed by law.
>
> *But it seems to us that when the defendant offered to prove that another man had intercourse with the prosecutrix at the time when by the course of nature the child must have been begotten, this evidence bears directly upon the issue and is competent.* (Emphasis added.)

*State v. Warren,* 124 N.C. 807, 809-810, 32 S.E. 552, 553 (1899); *see also Levi v. Justice and Searcy v. Justice,* 27 N.C. App. 511, 219

S.E. 2d 518 (1975). This excluded testimony was clearly relevant to the issue of paternity. It also contradicted Ms. Holley's testimony that she had sexual intercourse only with defendant during the period of time in which the child could have been conceived. Although Ms. Holley subsequently testified on *voir dire* that she had intercourse with this particular man when she was eight months pregnant, it was for the jury to resolve any conflicts in, as well as the credibility of, her testimony. However, any other testimony regarding Ms. Holley's sexual activity not within a period in which the child could have been conceived was properly excluded.

[2] We also find merit in defendant's contention that the court erred in allowing the child support enforcement officer to testify over objection that the outcome of this case would have no effect upon Ms. Holley's AFDC payments. This testimony had no relevance to the issues being tried, *i.e.*, whether defendant was the natural father of the child, whether Ms. Holley had received AFDC payments for the child's support, and whether defendant had refused or neglected to repay the State for these payments.

We have carefully considered defendant's remaining assignments of error and find that they have no merit.

Because the excluded testimony of Ms. Holley's sexual activity with another man eight months before the child's birth had a direct bearing upon the key issue of the case, paternity, the case must be remanded for a

New trial.

Judges WHICHARD and EAGLES concur.